UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWIN BEAUTY LLC a/k/a KOOL KRAFTS LLC<br><br>Plaintiff,<br><br>v.<br><br>NR INTERACTIVE LLC, and NIR RODRIGUEZ,<br><br>Defendants. | Civil Action No. 24 - cv - 7412<br><br><br>**COMPLAINT**<br>[DEMAND FOR JURY TRIAL] |

Plaintiff, Twin Beauty LLC d/b/a Kool Krafts LLC ("Plaintiff") by and through its attorneys, Garson, Segal, Steinmetz, Fladgate LLP, allege as follows:

### NATURE OF THE ACTION

1. This is an action for fraud, tortious interference, defamation, and unfair competition.

### PARTIES

2. Plaintiff is a New York limited liability company with a principal place of business located at 5308 13th Avenue, Ste 329, Brooklyn, New York 11219.

3. Plaintiff is managed by a single member who also resides in Brooklyn, New York.

4. Defendant NR Interactive LLC ("NRI") is a Florida limited liability company with a principal place of business located at 2719 Hollywood Blvd, Hollywood, Florida 33020.

5. Nir Rodriguez is an individual residing in Florida.

6. Upon information and belief, Mr. Rodriguez is the only member of NRI.

### JURISDICTION & VENUE

7. This Court has jurisdiction under 17 U.S.C. §101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

8. This Court has supplemental jurisdiction over the claims in this Complaint that arise under the statutory and common law of the State of New York pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

9. This Court also has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000 and Plaintiff (New York) and Defendants (Florida) and is between citizens of different states.

10. In accordance with N.Y. C.P.L.R. §301, this Court has general personal jurisdiction over Defendants because each of them regularly conduct business in New York through sales on Amazon.com and other websites.

11. In accordance with N.Y. C.P.L.R. §302(3)(i) this Court has specific personal jurisdiction over Defendants because Defendants' wrongful conduct has intentionally caused harm to Plaintiff in this District.

12. Venue is proper in this Court because Defendants at all material times were and are aware that Plaintiff is located in and doing business in New York and in this District.

## COMMON ALLEGATIONS

13. Plaintiff commissioned an origami handbook in or around early 2019 ("Plaintiff's Book").

14. Plaintiff's Book provides widely known instructions and illustrations for a step-by-step process to make commonly known origami models, which have been in the public domain for many decades.

15. Plaintiff has been selling Plaintiff's Book on the Amazon.com Marketplace since 2019 through its listings at ASIN B089G63K7T and ASIN B07YGRCXV (together, the "Listings").

16. On average, Plaintiff generates substantial sales from the Listings each year.

17. In early October 2024, Mr. Rodriguez submitted a complaint against the Listings to Amazon.com, alleging that Plaintiff's Book infringed NRI's alleged copyright under U.S. Registration No. TX0009323794 (the "Registration") for the following work: "Origami Book for Kids: Transform Paper Into Art & Enhance Your Childis [sic] Focus, Concentration, Motor Skills with our Activity Book for Kids" ("Defendants' Book").

18. The Registration claims that Defendants' Book was created in 2014 and was published on March 25, 2023.

19. Yet, Defendants' Amazon.com listings claim that Defendants' Book was released on January 15, 2023 (not March 25, 2023).

20. The Registration claims that Defendants' Book was created as a "work-for-hire."

21. However, upon information and belief, Defendants' Book was created by an independent contractor via UpWork in 2020 and not as a work-for-hire.

22. The date of registration for the Registration is September 25, 2023.

23. Upon information and belief, Defendants knowingly misrepresented facts, including the true date of creation and authorship, to the U.S. Copyright Office in their application in an attempt to garner superior rights and a market advantage over Plaintiff.

24. Defendants' Book is available for purchase through Defendants' listings on Amazon.com and is therefore a competitor of Plaintiff in the origami book market.

25. As an Amazon Seller, Defendants are fully aware of the standard agreement and business expectations between Amazon.com and its sellers, such as Plaintiff.

26. Upon information and belief, as an Amazon Seller, Defendants are aware of Amazon.com's terms and conditions that it will remove listings and/or terminate its business relationship with sellers after receiving complaints based on intellectual property infringement.

27. In early October 2024, Defendants knowingly submitted a false complaint to Amazon.com, utilizing the Digital Millennium Copyright Act ("DMCA") and asserting that Plaintiff's Book infringed Defendants' copyright in Defendants' Book with the intention of eliminating Plaintiff as a competitor.

28. Amazon.com removed Plaintiff's Listings as a result of the DMCA complaint.

29. Since Amazon.com removed Plaintiff's Listings, Plaintiff has experienced a dramatic decline in expected sales through its Listings.

30. On or around October 17, 2024, Defendants knowingly submitted a false complaint to Amazon.com against an additional listing belonging to Plaintiff under ASIN B0B3YBZMH4 that sells paper airplane books ("Airplane Complaint").

31. Not only did Defendants' misuse and weaponize a copyright registration that they do not have rights in, paper airplanes are in the public domain.

32. Not only did Defendants' misuse and weaponize a copyright registration that they do not have rights in, but it is also immediately apparent that there is no substantial similarity between Defendants' claimed works and Plaintiff's paper airplane book.

33. For example, in the Airplane Complaint, Defendants' point to certain pages of Defendants' Book they allegedly own rights to. A copy of those pages are attached hereto as **Exhibit A**.

34. Yet, Plaintiff's paper airplane book has completely different artwork. Defendants' Airplane Complaint points to specific pages from Plaintiff's paper airplane book that are allegedly infringing. These pages from Plaintiff's paper airplane book are attached hereto as **Exhibit B**.

35. On October 22, 2024, Defendants emailed Plaintiff basically admitting that Defendants' motivation was to "ensure that [Plaintiff's] product remains inactive during the holiday season, but

4

will also **negatively impact the value of [Plaintiff's] business**, [Plaintiff's] **dominant position** on Amazon….." The full email is attached hereto as **Exhibit C**.

36. Evidently, Defendants' conduct has been intentionally calculated to interfere with Plaintiff's contractual and economic business relationship with Amazon.com.

## COUNT I
## FRAUD ON THE COPYRIGHT OFFICE

37. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

38. At the time Mr. Rodriguez applied for the Registration with the U.S. Copyright Office, naming NRI as the "Claimant," Mr. Rodriguez knew neither he nor NRI were the creators of Defendants' Book and that the Defendants did not otherwise have any right, interest, or entitlement to claim ownership of the same.

39. Defendants' knowingly withheld and concealed material and relevant information form the U.S. Copyright Office by providing false and inaccurate information, including, the creation date and authorship of Defendants' Book.

40. The U.S. Copyright Office relied on Defendants' material misrepresentations when it granted the Registration.

41. However, had the U.S. Copyright Office known, for example, that (a) Defendants did not author Defendants' Book and (b) could not show a written copyright assignment transferring ownership from the actual author to NRI, the U.S. Copyright Office would have refused registration.

42. As such, the Registration is void and should be canceled accordingly.

## COUNT II
## VIOLATION OF DMCA §512(f)

43. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

44. Defendants knowingly and materially misrepresented to Amazon.com that NRI had a valid and enforceable copyright registration which it used as a basis to file a false DMCA complaint accusing Plaintiff of copyright infringement.

45. At the time of making the complaint, Defendants had actual knowledge that its complaint was false and untrue.

46. Defendants knew that NRI did not own a copyright in Defendants' Book when making the complaint.

47. Since Defendants were aware that neither owned a copyright in Defendants' Book, Defendants equally knew that Plaintiff's Book was not infringing but decided to submit a DMCA complaint to Amazon.com anyway.

## COUNT III
## TORTIOUS INTERFERENCE

48. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

49. Plaintiff has a valid contract and/or economic relationship with Amazon.com by virtue of its enrollment as a Seller on the Amazon.com marketplace.

50. Defendants were well-aware that Plaintiff maintained a contract and business relationship with Amazon.com.

51. Defendants intentionally interfered with Plaintiff's relationship with Amazon.com by submitting a baseless infringement complaint to Amazon.com regarding Plaintiff's Listings.

52. Defendants' interference has resulted in Amazon.com suspending its contract with Plaintiff and Plaintiff's Listings.

53. As a result of Defendants' interference, Plaintiff has and continues to lose profits and suffer harm to its business reputation in an amount no less than $350,000 and continuing.

## COUNT IV
## NEW YORK UNFAIR COMPETITION

54. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

55. Plaintiff sells Plaintiff's Book on the Amazon.com Marketplace for customers seeking to learn and make origami.

56. Defendants' knowingly and maliciously copied Plaintiff's Book and then made a DMCA claim on Amazon.com against Plaintiff which it knew to be false in order to remove Plaintiff's Listings to gain an unfair competitive advantage over Plaintiff and damage its goodwill.

57. Defendants' activities constitute deceptive acts or practices in the conduct of business trade or commerce that have damaged Plaintiff's business reputation and sales.

58. As a result of Defendants' interference, Plaintiff has and continues to lose profits and suffer harm to its business reputation in an amount no less than $350,000 and continuing.

## COUNT V
## DEFAMATION

59. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

60. Defendants falsely and intentionally represented to Amazon.com that Plaintiff was infringing upon Defendants' alleged copyright, when it was not.

61. Defendants' false statements have caused Amazon.com to remove Plaintiff's Listings from the Amazon.com marketplace, thereby damaging Plaintiff's sales, reputation, and status with Amazon.com and its customers.

62. As a result of the foregoing conduct, Plaintiff continues to suffer losses for which it is entitled to recover compensatory and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for an award of:

i. A permanent injunction ordering Defendants to withdraw the complaint to Amazon.com so that the Listings are restored.

ii. Declare the Registration to be void and invalid.

iii. Damages for Plaintiff's continuous lost profits in an amount to be determined but no less than $350,000.

iv. Reasonable attorneys' fees and costs; and

v. Such other and further relief as the Court deems equitable and just.

Dated: October 23, 2024
New York, New York

**GARSON, SÉGAL, STEINMETZ FLADGATE LLP**

By: /s/Michael Steinmetz
Michael Steinmetz (MS3164)
164 West 25th Street, 11th Floor
New York, NY 10001
Tel: (212) 380-3623
Email: ms@gs2law.com

8