UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWIN BEAUTY LLC a/k/a KOOL KRAFTS LLC<br><br>Plaintiff,<br><br>v.<br><br>NR INTERACTIVE LLC, and NIR RODRIGUEZ,<br><br>Defendants. | Civil Action No. 24 - cv - 7412 |

**MEMORANDUM IN SUPPORT OF DEFENDANTS NR INTERACTIVE LLC, AND NIR RODRIGUEZ MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

Page(s)

INTRODUCTION ……………………………………………………………………………..1

STATEMENT OF FACTS …………………………………………………………………… 2

    A.    Defendants' Copy Right Material……………………………………………... 2

    B.    Plaintiff's Allegations…………………………………………………………. 3

ARGUMENT …………………………………………………………………………………. 3

I.    The Court Lacks Jurisdiction Over The Defendants…………………………………... 4

    A.    The Court Does Not Have Supplemental Jurisdiction Over The Defendants……. 4

    B.    The Court Does Not Have Subject Matter Jurisdiction Over The Defendants…… 4

    C.    The Court Does Not Have Personal Jurisdiction Over The Defendants…………. 4

    D.    The Court Does Not Have Specific Personal Jurisdiction Over The Defendants… 4

II.    Count I Fails to State A Claim…………………………………………………………… 5

III.    Count II Fails to State a Claim…………………………………………………………. 6

IV.    Count III Fails to State A Claim……………………………………………………………7

V.    Count IV Fails to State A Claim………………………………………………………….. 7

VI.    Count V Fails to State A Claim…………………………………………………………... 9

CONCLUSION ………………………………………………………………………………….. 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

E.E.O.C. v. Port Auth. of N.Y. & N.J 23 N.Y.
    768 F.3d 247, 253 (2d Cir. 2014) …........................................................................ 3

Ashcroft v. Iqbal,
    556 U.S. 662, 678 (2009)......................................................................................... 3

Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC
    842 F. Supp. 2d 502, 509-10 (S.D.N.Y. 2012)........................................................ 3

Strategic Diversity, Inc. v. Alchemix Corp.,
    666 F.3d (9th Cir. 2012)........................................................................................... 5

Rice v. McAlister,
    519 P.2d (1975) ....................................................................................................... 5

Heitman v. Brown Grp., Inc.,
    638 S.W.2d (Mo. Ct. App. 1982) ............................................................................ 5

Prince v. Bear River Mut. Ins. Co.,
    P.3d 524 (Utah 2002) .............................................................................................. 5

Community for Creative Non-Violence v. Reid
    490 U.S. 730 (1989) ................................................................................................ 5

Weinberg v. Dirty World, LLC,
    CV-16-9179-GW-(PJWx)........................................................................................ 6

Finley v. Giacobbe,
    79 F.3d 1285, 1294 (2d Cir.1996) ........................................................................... 7

Cavalier v. Random House, Inc.,
    297 F.3d (9th Cir. 2002)........................................................................................... 8

Policy Grp. v. Diebold, Inc.,
    337 F. Supp. 2d (N.D. Cal. 2004) ........................................................................... 8

Keeling v. Hars,
    No. 13-694 (2d Cir. 2015) ....................................................................................... 8

Missy Chbve Lapine v. Jerry Seinfeld et al,
    3d 736 (N.Y. Sup. Ct. 2011).................................................................................... 9

Dillon v. City of New York,
    AD2d, NYS2d 1 (1999)............................................................................................ 9

# **INTRODUCTION**

This action is brought by TWIN BEAUTY LLC a/k/a KOOL KRAFTS LLC ("Plaintiff") who allege fraud, tortious interference, defamation, and unfair competition. Plaintiff states that NR Interactive ("NIR"), is a Florida based Limited Liability Company. Plaintiff states that Plaintiff is a New York based Limited Liability Company. Plaintiff alleges that Nir Rodriguez is an individual residing in Florida. Plaintiff alleges that the Court has jurisdiction, supplemental jurisdiction, general personal jurisdiction, specific personal jurisdiction, and subject matter jurisdiction over the Defendants. Plaintiff alleges proper venue based on the above. Plaintiff fails to make any legally sufficient claim within their complaint or establish proper jurisdiction and fails to make a claim and should be dismissed.

In the Plaintiff's jurisdictional statement, within their Complaint, state the Court has subject matter and personal jurisdiction over the Defendants. The amount in controversy does not exceed $75,000.00. The Court does not have personal jurisdiction over either Defendant as one resides in the State of Florida and the other resides in the Country of Japan and is not a citizen of the United States.

In Count I of the Plaintiff's Complaint, they allege fraud of the copyright office. Plaintiff makes claims of fraud, and that the Defendant had knowledge of said fraudulent claim, however; Plaintiff fails to provide sufficient proof or establish any element of said fraud as established in *Strategic Diversity, Inc. v. Alchemix Corp*.

In Count II of the Plaintiff's Complaint, they allege violation of DMCA §512(f). Plaintiff fails to establish a claim as the Defendants possess a copyright certificate and have reasonable belief as to the use and claim of it, as established in *Weinberg v. Dirty World, LLC*.

In Count III of the Plaintiff's Complaint, they allege tortious interference. Plaintiff fails to establish a claim as they can satisfy no element of their claim, as established by *Finley v.*

1

*Giacobbe*. Defendants are furth justified in their actions against the Plaintiff, as established in *Carvel Corp. v. Noonan*.

In Count IV of the Plaintiff's Complaint, they allege New York Unfair Competition. Plaintiff fails to establish a claim as they have not shown which legal theory they are attempting to recover under. Plaintiff not only does not specify their cause of action within this Count but fails to meet any of the elements of copyright infringement, as established in *Cavalier v. Random House, Inc*. Plaintiff goes as far as to acknowledge the similarities of the Defendants and Plaintiff's books, but alleges copyright infringement on the Defendants, without producing sufficient copyright material of their book, for proof of their claim.

In Count V of the Plaintiff's Complaint, they allege defamation. Plaintiff fails to establish any element of their claim, as prescribed in *Dillon v. City of New York*. Categorically excluding this claim and all others. As demonstrated below, this Court should dismiss all the counts in the Complaint. Plaintiff does not have grounds for proper jurisdiction and has failed to assert a claim within their Complaint.

## STATEMENT OF FACTS

A. **Defendants' Copy Right Material**

This case arises out of a DMCA notice to Amazon.com, from the Defendants, in relation to copyright violations to the Defendants' book. The result of the DMCA notice and counter-notice, resulted in the listings of the Plaintiff being removed from Amazon.com. Defendants have the copyrighted instructions on how to make certain paper aircrafts. These instructions are protected and lawfully sufficient under The Copyright Act of 1976. Plaintiff possesses nor has established any legal claim to said copyrighted instructions, within the Defendants' book. Plaintiff names their paper aircraft differently than the Defendants, yet the instructions within their production are the exact same if not more than an allotted percentage of the Defendants book.

B. <u>Plaintiff's Allegations</u>

Plaintiff alleges they commissioned their Book in early 2019 and have been selling their product on Amazon.com since 2019. Plaintiff states that the Defendants' book was completed in 2014 and published on March 25, 2023. Plaintiff alleges Defendants do not have rights to the copyright in question. Plaintiff alleges Defendants knowingly submitted a false complaint to Amazon.com on October 17, 2024. On October 22, 2024, Defendants reached out to Plaintiff, attempting to resolve the copyright infringement, but received no response. On October 23, 2024, Plaintiff filed their Complaint in this action, seeking a permanent injunction, Defendants' registration to be void, compensatory damages, and punitive damages.

For the reasons set forth below, this Court should dismiss the Complaint for improper venue, lack of jurisdiction, and for failure to state a claim.

## ARGUMENT

To survive a motion to dismiss, a plaintiff must "support the viability of its claims by pleading sufficient nonconclusory factual matter to set forth a claim that is plausible on its face." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept all allegations in the complaint as true and draw all inferences in the light most favorable to the non-moving party's favor," but need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (internal quotation marks omitted). And where, as here, the claims depend on interpretation of a contract, the Court "may dismiss the complaint where [the] issue [is] unambiguous and do[es] not support the plaintiff['s] claim." *Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC*, 842 F. Supp. 2d 502, 509-10 (S.D.N.Y. 2012) (quoting *FlightSafety Int'l, Inc. v. Flight Options*, LLC, 418 F. Supp. 2d 103, 107 (E.D.N.Y. 2005)).

I.      **The Court Lacks Jurisdiction Over The Defendants.**

   **A. The Court Does Not Have Supplemental Jurisdiction Over The Defendants.**

Pursuant to 28 U.S. Code § 1367(a), the District Courts of the state of New York, does not have original jurisdiction over the Defendants. NR Interactive, LLC, is an entity based in the state of Florida. Nir Rodriguez is an individual who resides in Japan and is not a citizen of the United States.

   **B. The Court Does Not Have Subject Matter Jurisdiction Over The Defendants.**

Pursuant to 28 U.S.C. § 1332(a) & 28 U.S.C. § 1332(b), the Plaintiff's amount in controversy cannot be proven to exceed the sum of $75,000.00. The Plaintiff's causes within their Complaint arise out of October 9, 2024, thirty (30) days ago. The Plaintiff's ASIN B089G63K7T, sells for $13.49 - $17.49; ASIN B07YGRCXV, sells for $8.49 – $14.99. Even with the highest average sells price of $16.24, Plaintiff would need to sell 4,618 units at this price, or a resounding 154 units per day, for the 30-day period, to meet the amount in controversy. Unless Plaintiff can produce prior weekly or monthly sells results, confirming this volume of sells, they fail to meet the amount in controversy of this statute.

   **C. The Court Does Not Have Personal Jurisdiction Over The Defendants.**

Defendants are residences of the state of Florida and the country of Japan. Defendants are not established within the state of New York. Defendants do not perform or have regular courses of their business within the state of New York. Defendants have no systematic or continued contacts with New York. Defendants are not subject to personal jurisdiction under N.Y. C.P.L.R. §301.

   **D. The Court Does Not Have Specific Personal Jurisdiction Over The Defendants.**

Defendants are residence of the state of Florida and the country of Japan. Defendants are not established within the state of New York. Defendants do not perform or have regular courses

of their business within the state of New York. Defendants do not derive substantial revenue from the state of New York. Defendants do not expressly solicit business within the state of New York. Defendants have no systematic or continued contacts with New York. Defendants are not subject to personal jurisdiction under N.Y. C.P.L.R. §302(3)(i).

Therefore, the Court lacks proper personal jurisdiction and subject matter jurisdiction within this cause and should be dismissed for such.

**II.    Count I Fails to State A Claim.**

Common law generally identifies nine elements needed to establish fraud: (1) a representation of fact; (2) its falsity; (3) its materiality; (4) the representer's knowledge of its falsity or ignorance of its truth; (5) the representer's intent that it should be acted upon by the person in the manner reasonably contemplated; (6) the injured party's ignorance of its falsity; (7) the injured party's reliance on its truth; (8) the injured party's right to rely thereon; and (9) the injured party's consequent and proximate injury. See, e.g., *Strategic Diversity, Inc. v. Alchemix Corp.*, 666 F.3d 1197, 1210 n.3, 2012 U.S. App. LEXIS 1175, at *25 n.3 (9th Cir. 2012) (quoting *Staheli v. Kauffman*, 122 Ariz. 380, 383, 595 P.2d 172, 175 (1979)); *Rice v. McAlister*, 268 Ore. 125, 128, 519 P.2d 1263, 1265 (1975); *Heitman v. Brown Grp., Inc.*, 638 S.W.2d 316, 319, 1982 Mo. App. LEXIS 3159, at *4 (Mo. Ct. App. 1982); *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 41, 56 P.3d 524, 536-37 (Utah 2002).

The law is well settled on who is entitled to the copyright of a work for hire regarding work specifically commissioned. See *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989). Even if Defendants' work was work for hire, it holds no sufficient merit to the Plaintiff's claim. The Defendants are the sole creators of the copyrighted work in question. Making the Defendants representation of fact in this regard to be legally sufficient, being far from the misrepresentation of fact, claimed by the Plaintiff. Thus, the Defendants have not misrepresented

5

facts, nor known or should have known of any falsities with the production of the Defendants' book.

Plaintiff's inability to prove a single element of fraud resolves the main issue in this case and requires dismissal of Count I for failure to state a claim.

### III. Count II Fails to State a Claim.

The legal elements for proving DMCA §512(f) are as follows:

> (f) Misrepresentations.—Any person who knowingly materially misrepresents under this section—
>
> (1) that material or activity is infringing, or
>
> (2) that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

Plaintiff had knowledge of the Defendants' copyright as confirmed by the email attached in Plaintiff's Complaint *"Exhibit C"*. In this knowledge Plaintiff still chose to file suit against the Defendants' asserting DMCA misrepresentation. The standard for misrepresentation under this statute relies on the element of reasonable belief. Plaintiff alleges that the Defendants could not have reasonably believed that their book was protected by the Copy Right Act of 1976. See *Weinberg v. Dirty World, LLC* is CV-16-9179-GW-(PJWx). However, both the Defendants and the Plaintiff were aware of the copyright certificate, attached hereto as Exhibit 1. Thus, the Defendants upon said copyright certificate had the reasonable belief that they owned said copyright and that materials within. The Plaintiff violated their copyright and Defendants pursued remedies as the copyright owner under DMCA.

Plaintiff's inability to prove a single element of DMCA §512(f), resolves the issue of

6

misrepresentation, and requires dismissal of Count II for failure to state a claim.

IV.     **Count III Fails to State A Claim.**

Under New York law, the elements of a tortious interference with contract claim are: "(a) that a valid contract exists; (b) that a `third party' had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff." *Finley v. Giacobbe*, 79 F.3d 1285, 1294 (2d Cir.1996) (citing *Israel v. Wood Dolson Co.*, 1 N.Y.2d 116, 120, 134 N.E.2d 97, 99-100, 151 N.Y.S.2d 1, 5 (1956); *Kaminski v. United Parcel Serv.*, 120 A.D.2d 409, 412, 501 N.Y.S.2d 871, 873 (1st Dep't 1986)).

The New York Court of Appeals found that, "the existence of competition may often be relevant, since it provides an obvious motive for defendant's interference other than a desire to injure the plaintiff; competition, by definition, interferes with someone else's economic relations. Where the parties are not competitors, there may be a stronger case that the defendant's interference with the plaintiff's relationships was motivated by spite. But as long as the defendant is motivated by legitimate economic self-interest, it should not matter if the parties are or are not competitors in the same marketplace." See *Carvel Corp. v. Noonan* at 3 NY3d 191 is 3 NY3d 182, 190, 785 N.Y.S.2d 359, 362, 818 N.E.2d 1100.

Plaintiff fails to establish lack of justification for their tortious interference claim. Defendants are justified within their actions not only as competitors within the marketplace, but in protecting their copyright.

Therefore, Plaintiff has failed to satisfy the elements of tortious interference and requires dismissal of Count III.

V.      **Count IV Fails to State A Claim.**

Plaintiff fails to state a claim under the guidelines of New York Unfair Competition. Plaintiff within their claim does not specify if they are establishing one of the two main legal

7

theories; *"palming off"* or *"misappropriation"*; thus, Defendants can only assume Plaintiff is seeking relief through misappropriation. Through misappropriation Plaintiff alleges the claim of copyright infringement. To prove copyright infringement, the plaintiff must show: (1) that the defendant had access to the plaintiff's work and (2) that the defendant's work is substantially similar to protected aspects of the plaintiff's work. Where "literary works" are concerned – a broad term that encompasses books, movies, television shows and the audiovisual aspects of videogames – courts in the Second Circuit analyze substantial similarity by (1) first filtering out similarities that result from unprotectible aspects of the original work, such as facts, public domain material, and stock plot elements, and (2) examining the "total concept and feel, theme, characters, plot, sequence, pace and setting" of the similarities that remain to determine whether similarities rise to the level of "substantial." See *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).

Plaintiff attempts to argue fair use, without establishing it within the Common Allegations section of their Complaint. To establish fair use the Court has established the following: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. See *Online Policy Grp. v. Diebold, Inc.,* 337 F. Supp. 2d 1195, 1200 (N.D. Cal. 2004). Plaintiff in not possessing copyright documentation to their work has failed to apply fair use within their complaint. However, Plaintiff seeks fair use to be unilateral within their favor, while establishing damage when used for the Defendants.

Plaintiff alleges that the information provided within their book has been within the public domain for years. Plaintiff then alleges that the Defendants copied their book and produced it as their own. Plaintiff in this contradicting nature established and admits that they in fact know the

8

similarities between the two books, in violation of the Defendants copyright. See *Keeling v. Hars*, No. 13-694 (2d Cir. 2015). Plaintiff does not possess any copyright over their book, and or has failed to produce evidence of such nature to prove their copyright. The Plaintiff through this action has abandoned their claim for trademark infringement. See N.Y. Gen. Bus. Law § 360-k, *Missy Chbve Lapine v. Jerry Seinfeld et al.* is: 31 Misc. 3d 736 (N.Y. Sup. Ct. 2011), 2011 N.Y. Slip Op. 21064, and 918 N.Y.S.2d 313. Further proving the Defendants were well within their rights to file under DMCA.

Thus, through Plaintiff's contradicting nature of their claims, unilateral use of fair use, and for failure to establish any claim requires dismissal of Count IV.

**VI.** **Count V Fails to State A Claim.**

For a Plaintiff to prevail in a defamation claim they need to prove the following: (1) the defendant made a false statement; (2) published to a third party without authorization; (3) the defendant was at least negligent when making the statement; and (4) the statement caused special harm or constituted "defamation per se." See *Dillon v. City of New York*, 261 AD2d 34, 38, 704 NYS2d 1 (1999).

Defendants have not made a false statement regarding this cause of action by the Plaintiff. If such were true, Plaintiff could have simply produced their copyright and the evidence within their Complaint to Amazon.com and had their account restored. The Plaintiff has failed to do this, as it appears they do not possess the proper documentation to prove the claims within their Complaint.

Thus, Plaintiff has no factual or legal basis for defamation. Therefore, Count V requires dismissal.

**CONCLUSION**

For these reasons, Plaintiff's Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

Dated: November 8, 2024        By: */s/ Nir Rodriguez*
                                   _____

                               Nir Rodriguez
                               2719 Hollywood Blvd,
                               Hollywood, Florida 33020
                               Telephone: (305) 515-5514
                               Email: nir@interworldcorporation.com
                               *Pro Se For Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWIN BEAUTY LLC a/k/a KOOL KRAFTS LLC<br><br>Plaintiff,<br><br>v.<br><br>NR INTERACTIVE LLC, and NIR RODRIGUEZ, | Civil Action No. 24 - cv - 7412 |

**DECLARATION OF NIR RODRIGUEZ IN SUPPORT OF DEFENDANTS
NR INTERACTIVE LLC, AND NIR RODRIGUEZ'S MOTION TO DISMISS
PALINTIFF'S COMPLAINT**

I, Nir Rodriguez, under penalty of perjury pursuant to 28 U.S.C. § 1746, declare to the best of my available knowledge as follows:

1. I am a pro se Defendant for the Defendants, NR Interactive LLC and Nir Rodriguez, ("Defendants") in the above-captioned matter. I submit this declaration on behalf of Defendants in support of its motion to dismiss Plaintiff's complaint. I have personal knowledge of the matters herein and if called and sworn as a witness, I could and would testify competently to the facts set forth in this declaration.

2. Attached as Exhibit 1 is a true and correct copy of an October 26, 2023, Certificate of Registration, from the United States Copy Right Office, regarding the book in question as to NR Interactive LLC. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: November 8, 2024
Tokyo, Japan

*/s/ Nir Rodriguez*
Nir Rodriguez

1