UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
TWIN BEAUTY LLC a/k/a KOOL
KRAFTS LLC,

      Plaintiff,                                  MEMORANDUM AND ORDER

    -against-                            24 CV 7412 (RPK)(RML)

NR INTERACTIVE LLC, and NIR
RODRIGUEZ,

      Defendants.
----------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated December 3, 2024, the Honorable Rachel P. Kovner, United States District Judge, referred plaintiff's motion for authorization to serve defendant Nir Rodriguez via email to me.[1] Plaintiff Twin Beauty LLC ("plaintiff") brought this action on October 23, 2024 against defendants NR Interactive LLC and its sole member, Nir Rodriguez, asserting claims for violations of the Digital Millennium Copyright Act, 17 U.S.C. § 512, as well as fraud on the U.S. Copyright Office, tortious interference, unfair competition, and defamation. (See Complaint, dated Oct. 23, 2024 ("Compl."), Dkt. No. 1.) On December 3, 2024, plaintiff moved to, *inter alia*, serve the complaint by alternative means under Rule 4(f)(3) of the Federal Rules of Civil Procedure. (See Memorandum of Law in Support of Plaintiff's Ex Parte Application for an Entry of an Order to Show Cause with a Temporary Restraining Order, a Temporary Asset Restraint, an Order for Expedited Discovery, and Granting Permission to Effectuate Service of Process by Email and Electronic Publication, Dec. 3, 2024 ("Pl.'s Mem."), Dkt. No. 11.) Specifically, plaintiff seeks leave to serve defendant Rodriguez by email at

---

[1] Judge Kovner also referred plaintiff's motion for expedited discovery to me. That motion will be addressed separately.

nir@interworldcorporation.com. (Pl.'s Mem. at 7.) For the reasons stated below, plaintiff's motion is granted.

Defendant Rodriguez has appeared in this case *pro se* and filed a motion to dismiss, indicating that he is aware of this action. (See Notice of NR Interactive LLC and Nir Rodriguez's Motion to Dismiss Plaintiff's Complaint, dated Nov. 8, 2024, Dkt. No. 7.) In that submission, defendant Rodriguez listed his address as 2719 Hollywood Blvd, Hollywood, FL 33020, and provided a telephone number. (Id.) However, attempts to personally serve defendant Rodriguez at that address since then have been unsuccessful. (See Declaration of Michael Steinmetz, Esq., dated Nov. 26, 2024 ("Steinmetz Decl."), Dkt. No. 12, ¶ 14, Ex. 3.) In addition, defendant Rodriguez stated in his motion papers that he resides in Japan and is not a United States citizen. (See Memorandum in Support of Defendants NR Interactive LLC, and Nir Rodriguez Motion to Dismiss Plaintiff's Complaint, dated Nov. 8, 2024, Dkt. No. 7-1, at 5.)

Under the Due Process Clause, "a party is entitled only to 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Tianjin Port Free Trade Zone Int'l Trade Serv. Co. v. Tiancheng Chempharm, Inc. USA, No. 18 CV 1918, 2019 WL 2353702, at *1 (2d Cir. June 4, 2019) (quoting Jones v. Flowers, 547 U.S. 220, 226 (2006)); see also NYKCOOL A.B. v. Pac. Int'l Servs., Inc., No. 12 CV 5754, 2015 WL 998455, at *4 (S.D.N.Y. Mar. 5, 2015); F.T.C. v. Pecon Software Ltd., Nos. 12 CV 7186, 12 CV 7188, 12 CV 7191, 12 CV 7192, 12 CV 7195, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013). "[A]s a general matter, in those cases where service by email has been judicially approved, the movant supplied the court with some facts indicating that the person to be served would be likely to receive the [notice] at the given email address." Sulzer Mixpac AG v. Medenstar Indus. Co., 312 F.R.D.

2

329, 331 (S.D.N.Y. 2015) (citing Phillip Morris USA Inc. v. Veles Ltd., 06 CV 2988, 2007 WL 725412, at *2 (S.D.N.Y. Mar. 12, 2007)). Email service is considered appropriate where, as here, a defendant is alleged to be conducting business on an e-commerce platform with an associated email address. See Elsevier, Inc. v. Siew Yee Chew, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) ("Service through email is particularly appropriate here because, as the record reflects, the defendants engage in online business and regularly communicate with customers through functional email addresses [associated with the defendants' eBay and PayPal accounts].").

Plaintiff has verified that defendant Rodriguez responds to inquiries sent via email to nir@interworldcorporation.com. (See Steinmetz Decl., ¶ 25, Ex. 8.) Under these circumstances, it is reasonable to expect that defendant Rodriguez will receive service via email to that address. Thus, I find that the proposed alternative method satisfies the due process requirement. See SEC v. David, No. 19 CV 9013, 2020 WL 703464, at *1 (S.D.N.Y. Feb. 12, 2020) (finding service by email warranted where party's process server attempted to serve at two addresses and was unable to locate the party at his prior addresses); Pecon Software, 2013 WL 4016272, at *5 ("Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant.").

## CONCLUSION

For the foregoing reasons, plaintiff's motion to serve defendant Nir Rodriguez by alternative means pursuant to FED. R. CIV. P. 4(f)(3) is granted.

SO ORDERED.

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated:  Brooklyn, New York
        December 6, 2024

3