**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

TWIN BEAUTY LLC a/k/a KOOL KRAFTS LLC,

                    Plaintiff,

v.

NR INTERACTIVE LLC, and NIR RODRIGUEZ,

                    Defendants.

Civil Action No. 1:24 - cv – 07412

---

**MEMORANDUM OF LAW IN REPLY TO DEFENDANT NIR RODRIGUEZ'S OPPOSITION AND IN FURTHER SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Michael Steinmetz
**Garson, Ségal, Steinmetz, Fladgate LLP**
164 West 25th Street, 11th Floor
New York, New York 10001
Telephone: (212) 380-3623
Email: ms@gs2law.com
*Attorneys for Plaintiff*

## TABLE OF AUTHORITIES

**Case(s)**                                                                                              **Page(s)**

*Fertility, Inc. v. Action Care Mobile Veterinary Clinic, LLC*
    2024 U.S.Dist. LEXIS 72667 (D.C. Ill. April 22, 2024)………………………………….4

*DF Ventures, LLC v. Aaron &Gianna, PLC*
    2024 U.S. Dist. LEXIS 37407 (S.D.N.Y. 2024)……………………………………….. 8

*Gizmocup L.L.C. v. Medline Indus*
    2023 U.S. Dist. LEXIS 92570 (D. Ver. 2023)……………………………………………9

*Great W. Ins. Co. v. Graham*
    2020 U.S. Dist. LEXIS 109330 (S.D.N.Y. 2020)……………………………………….9

*Home It, Inc. v. Wupin Wen*
    2020 U.S. Dist. LEXIS 9879 (E.D.N.Y. 2020)………………………………………….7

*Keeton v. Hustler Mag, Inc.*
    465 U.S. 770 (1984)……………………………………………………………………..7

*Off-White LLC v. AEUNZN*
    2024 U.S. Dist. LEXIS 200132 (S.D.N.Y. November 1, 2024)…………………………..9

*Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommakditgesellschaft v. Navimpex Centrala Navala*
    989 F.2d 572 (2d Cir. 1993)……………………………………………………………..8

*Whistleblower Prods., LLC v. St8cked Media LLC*
    2019 U.S. Dist. LEXIS 117396 (E.D.N.Y. 2019)………………………………………..3

**Statute(s)**                                                                                           **Page(s)**

17 U.S.C.S. §102(b)……………………………………………………………………………….4

17 §512(c)(3)……………………………………………………………………………………….5

N.Y. C.P.L.R. §301………………………………………………………………………………..7

N.Y. C.P.L.R. §302(a)(3)………………………………………………………………………….7

N.Y. C.P.L.R. §302(3)(i)…………………………………………………………………………..7

## TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT**……………………………...……………………..………….1

**ARGUMENT**……………………………………………………………………………………..2

    **I. INJUNCTIVE RELEIF IS ESSENTIAL WHERE DEFENDANTS REFUSE TO ACKNOWLEDGE (OR COOPERATE WITH) THE LAW**…………………………..3

    **II. THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS**………..7

**CONCLUSION**……………………………...………………………………………….10

ii

Plaintiff Twin Beauty LLC a/k/a Kool Krafts LLC ("Plaintiff") respectfully submits this memorandum of law in reply to the Opposition of Defendant Nir Rodriguez ("Mr. Rodriguez") and in further support of Plaintiff's *ex parte* application for an entry of a Temporary Restraining Order (Dkt. No. 10)(the "Application").

## PRELIMINARY STATEMENT

The Opposition of Defendant Nir Rodriguez (Dkt. No. 20) ("Opposition") raises a handful of completely unrelated (or nonsensical) arguments that Plaintiff will not address (*for example*, (1) Mr. Rodriguez's arguments that Plaintiff pursues a claim of copyright infringement, when it is not, (2) suggesting that Plaintiff intends to "block any copyright owner from accessing, disbursing, or selling the product," when it is not, or (3) that Plaintiff seeks to stop publication of Defendants' work in violation of the First Amendment, which it is not). *Opposition*, p. 4-6, 7-10.

Indeed, the Opposition completely twists the issues presented by the Complaint and Plaintiff's Application. To the extent that Mr. Rodriguez argues that this Court does not have jurisdiction over him, he completely fails to address Plaintiff's main bases for personal jurisdiction which is that both Defendants purposefully reached into New York to transact business with Plaintiff and has caused Plaintiff harm in this jurisdiction pursuant to N.Y. C.P.L.R. §302(a)(3). Finally, Mr. Rodriguez's presentation of a Japanese Visa (with a blocked out citizenship) is meaningless and does nothing to move the needle in either direction. Finally, NR Interactive LLC, a U.S. based entity that held the copyright at the time of filing, is undoubtedly subject to this Court's jurisdiction and is currently in default, and should have a restraining order entered against it, and against anyone acting in cooperation. Perhaps anticipating this, Defendant seems to have attempted to fraudulently assign the fraudulent copyright registration to Nir Rodriguez personally, to continue this charade. (Attached **Exhibit A** of attempted copyright transfer from copyright.gov.)

1

Plaintiff will however, address Mr. Rodriguez's relevant and misleading assertions that Plaintiff does not need the Court to order a temporary restraining order. As detailed below, Defendants' unlawful, persistent (and already irreparable) harm inflicted on Plaintiff is only exacerbated each day that passes. Defendants' Opposition only further demonstrates that Plaintiff has no other means of salvaging whatever is left of Plaintiff's business aside from seeking the instant relief from the Court. Importantly, if the Court institutes this injunctive relief, Plaintiff may be able to salvage what is left of the current holiday season with no harm to Defendants.

## ARGUMENT

The Opposition is almost entirely a "strawman" response to Plaintiff's application for restraining order which is seeking the temporary restraint against Defendants from submitting further complaints against Plaintiff's Amazon listings and ordering Defendants to withdraw their existing complaints against Plaintiff's Amazon listings. Critically, Mr. Rodriguez incorrectly argues that Plaintiff can find relief through the DMCA process with Amazon.com. Contrary to Mr. Rodriguez's assertion, not only has Plaintiff already exhausted Amazon.com's counter-notice procedures, Amazon.com will only reactivate Plaintiff's listings if Mr. Rodriguez withdraws his complaints, or if Plaintiff reaches settlement or judgment in its favor. *See Declaration of Joshua Farkas* (Dkt. No. 13) (*"Farkas Decl."*) ¶40. (Plaintiff already submitted timely counter-notices to Amazon.com under the DMCA to no avail, after Nir Rodriguez fraudulently sent yet another copyright claim to Amazon). Amazon.com provides "if you think that the rights owner has made an error in sending the notice, reach out to the rights owner and ask them to submit a retraction of this notice. We may only accept retractions that the rights owner submits to us directly. We do not accept forwarded or attached retractions." *See*, *Farkas Decl.*, *Exh F*. Ultimately, Plaintiff should

not be obligated to purchase Defendants' fraudulent registration (as ransom) in order to restore Plaintiff's already lawful and legitimate listings.

## I. INJUNCTIVE RELEIF IS ESSENTIAL WHERE DEFENDANTS REFUSE TO ACKNOWLEDGE (OR COOPERATE WITH) THE LAW

As further revealed by the Opposition, Mr. Rodriguez completely misstates the underlying principles and application of The Copyright Act and the Digital Millennium Copyright Act. At a minimum, the Opposition reveals that Defendants are "squatting" on a copyright registration[1]. The Opposition incorrectly argues:

> "the DMCA is a straightforward process with Amazon.com. As long as the Plaintiff possesses the proper documentation, which they do not, Amazon.com would restore their account. Thus, the DMCA system in Amazon.com is likely to be more effective than this Court's orders, in following the proper channels for restoration of the plaintiff's account." *Opposition*, p. 8.

Mr. Rodriguez also improperly argues "it will continue as the plaintiff will never possess the proper documentation to adequately dispute the DMCA through Amazon.com, as they have never possessed the copyright of the material." *Opposition*, p. 9. Defendants' conduct and arguments are in complete disregard of the law and facts in this case, namely,

(a) Under the Copyright Act, Plaintiff's copyright rights to its own original and independently-created origami books vested from the moment of creation and that Plaintiff was never obligated to file for a copyright registration to perfect its rights (indeed, holding a copyright registration is only required if Plaintiff wishes to initiate a copyright infringement lawsuit to enforce its rights to that work). *See*, *Whistleblower Prods., LLC v. St8cked Media LLC*, 2019 U.S. Dist. LEXIS 117396, at *12 (E.D.N.Y. 2019).

---

[1] An unofficially recognized concept but similar to the act of "cyber squatting" which is "the practice of registering names, especially well-known company or brand names, as internet domains, in the hope of reselling them at a profit."

3

(b) Defendants copyright registration is invalid and meaningless to Plaintiff for multiple reasons, including, (i) Defendants are not the legal owners of the underlying work covered by that registration and Defendants only obtained the registration because they falsely represented to the Copyright Office that NR Interactive LLC was the owner, (ii) the underlying work, which contains origami *instructions* and representations that are in the public domain, has no original creativity nor protectable expression that is shared between the Party's books. Indeed, the Opposition asserts, "Defendant has copyright instructions on how to make certain paper aircraft." *Opposition*, p. 1-2.

(c) At the time of submitting complaints against Plaintiff's Amazon.com listings, Defendants knew that Plaintiff's origami books were not infringing for obvious reasons including without limitation, (i) Plaintiff's origami books ***predate*** Defendants' alleged work (making copying impossible), (ii) Plaintiff's origami books are obviously not substantially similar to Defendants' alleged work, especially when discounting that both books are largely comprised of non-protectable elements (*for example*, origami models in the public domain, or steps and instructions that are not copyrightable material). *See*, 17 U.S.C.S. §102(b); *see also, Fertility, Inc. v. Action Care Mobile Veterinary Clinic, LLC*, 2024 U.S.Dist. LEXIS 72667, at *15 (D.C. Ill. April 22, 2024)(*stating*, "[i]n fact, almost no circuit-level cases exist regarding Section 512(f)'s knowledge requirement, with the Ninth Circuit again being the only one to have ruled on it . . . [i]n its recent decision, the Ninth Circuit held that Section 512(f) also requires that **a DMCA notice submitter** . . . **must also proactively consider the potential that similarities in materials are unprotectable**. . . [and that] willful blindness is a legal equivalent to actual knowledge")(emphasis added)(internal citations omitted). Importantly, as alleged in the Complaint, Defendants submitted DMCA

4

notices when Defendants' alleged work and Plaintiff's works look completely different. *Complaint*, ¶¶32-34.

(d) Plaintiff should not be obligated to purchase Defendants' worthless copyright registration to continue its already legitimate and *bonafide* participation in the marketplace which Defendants intentionally interfered with by abusing the DMCA and committed perjury by stating: "I represent, under penalty of perjury, that the information in this notification is true and I am the intellectual property owner or authorized to act on behalf of the intellectual property owner for the rights described above." 17 §512(c)(3).

(e) Amazon.com's policies (including its DMCA mechanism) will not restore Plaintiff's listings (without judicial intervention) so long as Defendants refuse to comply with the law, specifically,

    (i)    Amazon.com sets out the following steps pursuant to the DMCA:

        a. After Amazon.com receives a DMCA notice, it will "take action expeditiously including contacting our customer to remove or disable access to the infringing content. . . If our customer does not believe that the content is infringing and/or the content should not be disabled or removed, they may reach out to you directly to resolve the issue or they may submit a counter-notice to us under the DMCA."

        b. If Amazon.com receives a counter-notice, it will only restore the content if the complainant does not notify Amazon.com within 10-14 business days that it filed a lawsuit against the alleged infringer.

    (ii)    Plaintiff followed the DMCA counter-notice procedure explaining how its listings are not infringing, only for Defendants to commence a frivolous

5

        proceeding before the Copyright Claims Board ("CCB") within the 10-14 business day period to ensure that Amazon.com would not restore Plaintiff's listings and so Defendants could continue their extortion tactics. Defendants commenced that CCB proceeding, not because Defendants cared to enforce their non-existent copyright rights, but to keep anti-competitive pressure on Plaintiff by snuffing out their business in New York.

(iii)    As a result of Defendants' CCB proceeding and refusal to withdraw their baseless complaints, Amazon.com has refused to restore Plaintiff's listings. *Farkas Decl.* ¶40. This wrongful, and prolonged deactivation of Plaintiff's listings not only deprives Plaintiff of its crucial holiday sales revenue, it impacts Plaintiff's primary business on Amazon.com which, as a result of Defendant's false complaints, have already impacted Plaintiff's "Account Health" on Amazon.com. *See, Farkas Decl.*, *Exh. C.* ("The violation record will remain on your Account Health page for up to 180 days after the listing was deactivated or until the violation is successfully disputed.").

(iv)    Since Plaintiff has exhausted any options under the DMCA and Defendants' refuse to withdraw their baseless complaints (or even participate in this proceeding by virtue of NR Interactive LLC's default) unless Plaintiff pays up. *See, Request for Certificate of Default* (Dkt. No. 21).

As in similar cases in this Circuit, Plaintiff has demonstrated that it is being irreparably damaged by Defendants' conduct (which Defendants are unwilling to voluntarily cease). *See, Home It, Inc. v. Wupin Wen*, 2020 U.S. Dist. LEXIS 9879, at *9-12 (E.D.N.Y. 2020)(granting

preliminary injunction when considering, "Plaintiff has demonstrated that the total loss of its business is likely. First, Plaintiff's business is entirely reliant on Amazon to sell its products . . . [t]his relationship is now threatened as a result of [defendant's] fraudulent trademark infringement complaints against Plaintiff, because Amazon not only 'constantly monitors and scores each seller's 'account performance' including how many infringement complaints have been filed against the seller, but Amazon also reserves the right to 'suspend sellers without prior warning.'")(internal references omitted). Finally, the continued suspension and probable termination of Plaintiff's business is a certain blow to Plaintiff's reputation and goodwill. *See, Declaration of Michael Steinmetz* (Dkt. No.11) ("*Steinmetz Decl.*") ¶19.

## II. THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANTS

Although Defendants seek to evade culpability by relying on unrelated legal concepts (for example, the Opposition raises arguments that the Copyright Act does not apply extraterritorially), the bottom line is that Defendants are well within the personal jurisdiction of this Court as a result of their intentional harm and business exploitation of Plaintiff in this District. *See, Keeton v. Hustler Mag, Inc.*, 465 U.S. 770, 776 (1984)(holding, "it is beyond dispute that [a state] has a significant interest in redressing injuries that actually occur within the [s]tate.").

Pursuant to N.Y. C.P.L.R. §301, this Court has general personal jurisdiction over Defendants because they regularly conduct business in New York through sales on the Amazon and other websites. *Complaint*, ¶10. In addition, under N.Y. C.P.L.R. §302(3)(i) this Court has specific personal jurisdiction over Defendants because Defendants' wrongful conduct has intentionally caused harm to Plaintiff in this district. *Complaint*, ¶¶2, 3, 35. The Court's findings on personal jurisdiction should be resolved in Plaintiff's favor. *See, Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommakditgesellschaft v. Navimpex Centrala Navala*, 989

7

F.2d 572, 580 (2d Cir. 1993). Defendants committed (and continue to commit) the tortious acts detailed in the Complaint to intentionally harm Plaintiff. Tellingly, among other threats, Defendants' communications include: (a) "I am aware that some of the most important dates for an Amazon seller are approaching, and the tremendous opportunity they represent for you;" (b) "As you know once the lawsuit is filed against you, Amazon will not reactivate your products, which will remain inactive during the holiday season. This will not only affect your revenue, but will also freeze your inventory until the litigation concludes, and any pending payments from Amazon will also be withheld." *Complaint, Exh. C.*

Further, Defendants have repeatedly and purposefully reached out to Plaintiff in New York to force a business relationship through extortion tactics. *See, DF Ventures, LLC v. Aaron &Gianna, PLC*, 2024 U.S. Dist. LEXIS 37407, at *18-20 (S.D.N.Y. 2024) (stating, "'New York law is clear that a party is subject to personal jurisdiction when that party makes repeated, purposeful telephone calls into the state for the purpose of transacting business.' The contacts with New York in negotiating the agreement were volitional and 'active (rather than responsive)' and were not merely coincidental."). Defendants have attempted to trade-off their fraudulent registration with Plaintiff by proposing that if Plaintiff's purchased Defendants' registration, Plaintiff would realize certain benefits including "revenue continuity. Given that the deactivated products represent approximately 98%-99% of your current income, owning the copyright would provide operational stability and protect your revenue stream." Ultimately, Defendants' predatory actions are pinpointed at harming or exploiting Plaintiff in New York (as well as creating minimum contacts in New York on their own volition).

Because Mr. Rodriguez orchestrated every action that formed the basis of the claims, including NRI's conduct, this Court may exercise personal jurisdiction over Mr. Rodriguez

8

individually as well. *Great W. Ins. Co. v. Graham*, 2020 U.S. Dist. LEXIS 109330 at *16 (S.D.N.Y. 2020) (exercising personal jurisdiction over a chief operating officer who 'held himself out at the primary representative of [a corporation], signed the [t]rust [a]greement, and was involved in the conference calls concerning the [t]rust [a]ccount,' transactions that formed the basis of the claims). Mr. Rodriguez single-handedly applied for and falsified the information to obtain Defendants' registration and submitted a false DMCA complaint through Amazon against Plaintiff's Listings. *Complaint,* ¶¶17, 38. Lastly, venue is proper under 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claims (filing of fraudulent takedown notices with Amazon) occurred in this judicial district and Defendants have harmed Plaintiff in this judicial district.

Further, Courts in this Circuit have found the "minimum contacts" necessary for specific personal jurisdiction in similar circumstances. *See, Gizmocup L.L.C. v. Medline Indus*. 2023 U.S. Dist. LEXIS 92570, at *23 (D. Ver. 2023)(finding that "Plaintiffs plausibly allege that [defendant] directed its activities at the forum, knowing that a Vermont business would suffer injury in Vermont as a result of its false accusations of counterfeiting to Amazon"). Moreover, Defendants offer products (including its allegedly copyrighted origami books) for sale to New York consumers and unfairly compete against Plaintiff in New York. *Steinmetz Decl.*, *Exh.* 5. *See*, *Off-White LLC v. AEUNZN*, 2024 U.S. Dist. LEXIS 200132, at *6 (S.D.N.Y. November 1, 2024)(stating, "[t]he Second Circuit has found the exercise of personal jurisdiction permissible where, among other things, a company operates a website that 'offer[s] [products] for sale to New York consumers, permitted New York consumers to purchase such [products], and facilitated the shipment of those [products] into New York.").

9

Here, Defendants plainly knew that their false complaints to Amazon against Plaintiff would result in Plaintiff's New York business being entirely cut off from its lifeline through Amazon and its inventory (including its New York based inventory) being frozen. Indeed, Defendants opposition makes it clear that all its actions are a play to extort payment from this small local business.

## **CONCLUSION**

For the foregoing reasons, and even though Defendants' assets should be frozen, that is irrespective of whether an injunction should issue as to Defendants' damaging conduct on Amazon.com., certainly against the defaulting corporation, and anyone acting in concert. Plaintiff respectfully requests that this Court grant Plaintiff's Application for a temporary restraining order, and enter a Temporary Restraining Order in the form submitted herewith.

Dated: December 11, 2024
      New York, NY

                                        **GARSON, SÉGAL, STEINMETZ, FLADGATE LLP**

                                        By: */s/ Michael Steinmetz*
                                        Michael Steinmetz
                                        164 West 25th Street, 11th Floor
                                        New York, NY 10001
                                        Tel:(212) 380-3623
                                        Email:ms@gs2law.com

                                        *Attorneys for Plaintiff Twin Beauty LLC*
                                               *a/k/a Kool Krafts LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2024, I electronically filed the foregoing Plaintiff's Memorandum of Law in Reply to Defendant Nir Rodriguez's Opposition and in Further Support of Plaintiff's *Ex Parte* Application for a Temporary Restraining Order, with the Clerk of the Court using CM/ECF. I also certify that the foregoing documents are being served this day on Defendants via electronic transmission, which to my knowledge remain *pro se* litigants, and are being provided with copies of cases and other authorities that are unpublished or reported exclusively on computerized databases in accordance with L.R. 7.2, to Defendants' last known email address set forth below:

Nir Rodriguez
o/b/o NRINTERACTIVE LLC
Email: nir@interworldcorporation.com


Nir Rodriguez
Email: nir@interworldcorporation.com

11