UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TWIN BEAUTY LLC,

                 Plaintiff,

        v.

NR INTERACTIVE LLC and NIR
RODRIGUEZ,

                 Defendants.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-7412 (RPK) (RML)

RACHEL P. KOVNER, United States District Judge:

       In this lawsuit, plaintiff Twin Beauty LLC brings various claims challenging defendants' filing of complaints with Amazon asserting that several origami books being sold by plaintiff infringed defendants' copyright. As a result of defendants' complaints, Amazon delisted plaintiff's purportedly infringing origami books. Plaintiff has moved for a preliminary injunction under Federal Rule of Civil Procedure 65 against defendants NR Interactive LLC and Nir Rodriguez (i) ordering defendants to withdraw their copyright complaints against plaintiff's Amazon listings and (ii) enjoining defendants from submitting future complaints against plaintiff's Amazon listings based on defendants' allegedly fraudulently obtained copyright. Plaintiff also seeks a restraint on defendants' assets. Because plaintiff has not established that the defendants— neither of whom are New York residents—are subject to the Court's personal jurisdiction, plaintiff's motion for a preliminary injunction is denied.

## BACKGROUND

       Plaintiff Twin Beauty LLC is organized and maintains its principal place of business in New York. Compl. ¶ 2 (Dkt. #1); Decl. of Joshua Farkas ¶ 4 (Dkt. #13). It is managed by a single

1

member, non-party Joshua Farkas, who resides in New York.  Compl. ¶ 3; Decl. of Joshua Farkas ¶ 2.  In its complaint, plaintiff alleged that defendant NR Interactive LLC is organized and maintains its principal place of business in Florida, and that it is managed by a single member, defendant Nir Rodriguez, who also resides in Florida.  Compl. ¶¶ 4–6.  During the course of effecting service, however, plaintiff has come to believe that defendant Rodriguez actually resides in Japan.  *See* Decl. of Michael Steinmetz ¶ 8 (Dkt. #12); *see also* Def. Rodriguez's Mem. of L. in Opp'n to Pl.'s Mot. for Prelim. Inj. ("Def. Rodriguez's Opp'n") 6–7 (Dkt. #20) (stating that defendant Rodriguez resides in Japan).

In 2019, plaintiff commissioned and began selling on Amazon a handbook containing step-by-step instructions and illustrations on how to make common origami models, like animals and houses.  Compl. ¶¶ 13–15; Decl. of Joshua Farkas ¶¶ 5–7.  On October 7, 2024, defendants submitted a takedown notice to Amazon pursuant to the Digital Millenium Copyright Act ("DMCA") claiming that plaintiff's listing violated a copyright held by defendants in a competing origami book.  Compl. ¶ 17; Decl. of Joshua Farkas ¶ 23.  On October 17, defendants submitted an additional takedown notice against another of plaintiff's origami books, containing instructions on how to make paper airplanes, based on the same copyright.  Compl. ¶ 30; Decl. of Joshua Farkas ¶ 26.  As a result of these complaints, Amazon delisted plaintiff's products, making them no longer available for sale, and froze its inventory.  Compl. ¶ 28; Decl. of Joshua Farkas ¶¶ 29, 34.

Plaintiff asserts that defendants' copyright complaints are baseless.  Specifically, plaintiff alleges that defendants fraudulently obtained their copyright by misrepresenting the creation date and authorship of their book to the U.S. Patent and Trademark Office.  Compl. ¶¶ 17–23.  Plaintiff also argues that its products are dissimilar to defendants' book and therefore did not infringe

defendants' copyright, and that many of defendants' purportedly copyrighted origami designs are in the public domain. *Id.* ¶¶31–34; Decl. of Joshua Farkas ¶¶ 32–33.

On October 23, 2024, plaintiff filed this suit, asserting five claims: fraud on the copyright office, abuse of the DMCA in violation of 17 U.S.C. § 512(f), tortious interference, unfair competition, and defamation. Compl. ¶¶ 37–62. Separately, on October 25, defendants filed a claim for copyright infringement against plaintiff before the U.S. Copyright Claims Board. Decl. of Joshua Farkas ¶ 39; *see* Decl. of Joshua Farkas, Ex. H (Dkt. #13-8). Amazon informed plaintiff that its products would remain delisted pending resolution of the Copyright Claims Board proceeding. Decl. of Joshua Farkas ¶ 40. The docket indicates that the action before the Copyright Claims Board was voluntarily dismissed by defendants on November 25 due to the existence of this lawsuit. *See* Order Dismissing Claim Without Prejudice, No. 24-CCV-0325, *NrInteractive LLC v. Farkas* (Copyright Claims Bd. Nov. 25, 2024), https://dockets.ccb.gov/case/detail/24-CCB-0325.

On November 26, plaintiff moved for a temporary restraining order and preliminary injunction, seeking to "enjoin[] Defendants and their parent companies, subsidiaries, affiliates, representatives, agents, and anyone acting in concert with them from submitting complaints against Plaintiff to or within the Amazon.com marketplace" and to "instruct[] Defendants and their parent companies, subsidiaries, affiliates, representatives, agents, and anyone acting in concert with them [to] immediately withdraw any complaints made against the Listings in order for Amazon.com to reactivate the Listings." Proposed TRO (Dkt. #10); *see also* Pl.'s Mem. of L. in Supp. of TRO & Prelim. Inj. ("Pl.'s Mot. for Prelim. Inj.") (Dkt. #11).[1] Plaintiff also sought "a

---

[1] Plaintiff initially sought to file its motion for a temporary restraining order *ex parte* and under seal. *See* Mot. for Leave to Electronically File Document Under Seal (Dkt. #8). The Court denied the motion to file under seal on December 2, *see* Dec. 2, 2024 Order, and plaintiff refiled its unsealed motion for a temporary restraining order on December 3, *see* Proposed TRO.

temporary restraint of certain of Defendants' assets, including any Amazon accounts, . . . to preserve Plaintiff's right to an equitable accounting." Proposed TRO. Finally, plaintiff sought authorization to serve defendant Nir Rodriguez via email. *Ibid.*

On December 3, the Court denied plaintiff's request for a temporary restraining order and referred defendant's request for authorization to effect service via email to Magistrate Judge Levy. *See* Dec. 3, 2024 Order. The Court deferred setting a briefing schedule on plaintiff's motion for a preliminary injunction until after plaintiff had completed service. *See ibid.* On December 6, plaintiff renewed its motion for a temporary restraining order and preliminary injunction. Renewed Mot. for TRO & Prelim. Inj. (Dkt. #17). Later that same day, Magistrate Judge Levy granted plaintiff's motion to serve defendant Nir Rodriguez via email. Dec. 6, 2024 Mem. & Order (Dkt. #18). The Court then set a briefing schedule on plaintiff's motion for a preliminary injunction and renewed request for a temporary restraining order. *See* Dec. 6, 2024 Order. Defendant Rodriguez, proceeding *pro se*, has opposed that motion. *See* Def. Rodriguez's Opp'n.

Separate from plaintiff's motion for a preliminary injunction, defendant Rodriguez has moved to dismiss plaintiff's complaint. *See* Def. Nir Rodriguez's Mem. of L. in Supp. of Mot. to Dismiss ("Def. Rodriguez's Mot. to Dismiss") 4–5 (Dkt. #7-1). In both his motion to dismiss and his opposition to plaintiff's motion for a preliminary injunction, defendant Rodriguez argues that this Court lacks personal jurisdiction. *See* Def. Rodriguez's Mot. to Dismiss 4–5; Def. Rodriguez's Opp'n 3–7.

## DISCUSSION

Plaintiff's renewed motion for a temporary restraining order and motion for a preliminary injunction is denied. Where, as here, "a challenge to personal jurisdiction is interposed on an application for a preliminary injunction, the district court must determine that the party moving

for the injunction has established 'at least a reasonable probability of ultimate success on the question of the court's in personam jurisdiction' over the non-moving party." *Lam Yeen Leng v. Pinnacle Performance Ltd.*, 474 F. App'x 810, 813 (2d Cir. 2012) (quoting *Weitzman v. Stein*, 897 F.2d 653, 659 (2d Cir. 1990)).  This is a higher standard than the "prima facie showing of jurisdiction" a plaintiff must make to defeat a Rule 12(b)(2) motion to dismiss.  *Homeschool Buyers Club, Inc. v. Brave Writer, LLC*, No. 19-CV-6046 (VSB), 2020 WL 1166053, at *7 (S.D.N.Y. Mar. 11, 2020).

Plaintiff has not demonstrated "at least a reasonable probability of ultimate success," *Weitzman*, 897 F.2d at 659, on the question of personal jurisdiction.  "To determine personal jurisdiction over a non-domiciliary in a case involving a federal question, the Court must engage in a two-step analysis."  *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010).  First, the court "look[s] to the law of the forum state to determine whether personal jurisdiction will lie." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168 (2d Cir. 2013).  "If the long-arm statute permits personal jurisdiction, the second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." *Chloe*, 616 F.3d at 164.

With respect to New York state law, plaintiff argues that the Court may exercise general jurisdiction over defendants under New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 301, and specific jurisdiction under N.Y. C.P.L.R. §§ 302(a)(1), 302(a)(3)(i), and 302(a)(3)(ii). *See* Pl.'s Mot. for Prelim. Inj. 3.  The Court addresses each in turn.

## I.    N.Y. C.P.L.R. § 301

Plaintiff's suggestion that defendants are subject to general jurisdiction in New York under N.Y. C.P.L.R. § 301 borders on frivolous.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operationas, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). For an individual defendant, general jurisdiction "comports with due process in the forum where he is 'at home,' meaning the place of 'domicile.'" *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017) (quoting *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 225 (2d Cir. 2014) (per curiam)).

The Court may not exercise general jurisdiction over either defendant. Plaintiff does not allege that defendant NR Interactive LLC either is incorporated in or maintains its principal place of business in New York, nor does plaintiff allege that defendant Rodriguez is domiciled in New York. Instead, plaintiff argues that general jurisdiction is appropriate because "Defendants each conduct regular business in New York through sales on Amazon.com and other websites." Pl.'s Mot. for Prelim. Inj. 3. This falls far short of establishing that either defendant is "at home" in New York. *See Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 762–63 (2d Cir. 1983) (holding that "an unspecified number of mail order sales of [defendant's] products in New York . . . are insufficient to satisfy section 301's 'doing business' test"); *Sonera Holding B.V.*, 750 F.3d at 224 n.2 ("Not every company that regularly 'does business' in New York is 'at home' there."). Nor does plaintiff identify any other exceptional circumstances justifying a departure from the ordinary rules of general jurisdiction.

## II.    N.Y. C.P.L.R. § 302(a)(1)

Plaintiff has also failed to establish "at least a reasonable probability of ultimate success,"

*Weitzman*, 897 F.2d at 659, in showing specific jurisdiction under N.Y. C.P.L.R. § 302(a)(1).

Under Section 302(a)(1), a court may exercise specific jurisdiction over a non-domiciliary

"[a]s to a cause of action arising from . . . the acts enumerated in this section" if the non-

domiciliary "transacts any business within the state or contracts anywhere to supply goods or

services in the state."  "[I]n determining whether personal jurisdiction may be exercised under

section 302(a)(1), 'a court must decide (1) whether the defendant "transacts any business" in New

York and, if so, (2) whether this cause of action "aris[es] from" such a business transaction.'"

*Licci*, 673 F.3d at 60 (quoting *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007)).

Section 302(a)(1) "is a 'single act statute[,]' and proof of one transaction in New York is sufficient

to invoke jurisdiction, even though the defendant never enters New York, so long as the

defendant's activities here were purposeful and there is a substantial relationship between the

transaction and the claim asserted."  *Chloe*, 616 F.3d at 170.

Plaintiff's preliminary injunction materials identify two types of contacts by defendants

with New York: defendants' sales of their competing origami book via Amazon to customers in

New York, *see* Pl.'s Mot. for Prelim. Inj. 3; Compl. ¶ 19; Decl. of Michael Steinmetz ¶¶ 16–17,

and an email sent by defendant to plaintiff, who is based in New York, attempting to reach a

settlement of the matter prior to litigation, *see* Pl.'s Mot. for Prelim. Inj. 4; Compl. ¶ 35; Decl. of

Michael Steinmetz ¶ 21.  Neither satisfies the requirements of Section 302(a)(1).

Plaintiff has not satisfied its burden to show that the first category of contacts—defendants'

sales via Amazon—satisfy Section 302(a)(1)'s "transacts any business" prong.  District courts

within this Circuit routinely find the "transacts any business" requirement of N.Y. C.P.L.R.

302(a)(1) satisfied where a defendant offers its products for sale on a third-party online marketplace like Amazon, and there is evidence that at least one sale was made to a customer in New York.  *See Poof-Slinky, LLC v. A.S. Plastic Toys Co.*, No. 19-CV-9399 (ER), 2020 WL 5350537, at *4 (S.D.N.Y. Sept. 4, 2020) (citing cases); *Carson Optical, Inc. v. RQ Innovasion Inc.*, No. 16-CV-1157 (SIL), 2020 WL 1516394, at *3 (E.D.N.Y. Mar. 30, 2020) (citing cases).  But while plaintiff's complaint generically avers that defendants "regularly conduct business in New York through sales on Amazon.com and other websites," Compl. ¶ 10, plaintiff has not identified a single, actual transaction between defendants and a customer in New York.  Although plaintiff's counsel submitted a declaration showing that he successfully ordered defendants' book to a New York shipping address, this transaction postdates the filing of the complaint.  *See* Decl. of Michael Steinmetz, Ex. 5 (Dkt. #12-5).  "Post-lawsuit contacts are insufficient to show that a defendant was transacting business within New York for the purposes of long-arm jurisdiction."  *Fab Habitat Corp. v. Houselights, LLC*, No. 22-CV-2986 (ALC), 2023 WL 6385977, at *7 (S.D.N.Y. Sept. 29, 2023) (citing cases) (rejecting application of N.Y. C.P.L.R. § 302(a)(1) based on counsel's proof of purchase that postdated the filing of the complaint).

Beyond this, the more fundamental flaw is that plaintiff's claims do not "arise from" alleged sales by defendants.  "To satisfy the second prong of [N.Y. C.P.L.R. §] 302(a)(1) that the cause of action arise from the contacts with New York, there must be an 'articulable nexus' or 'substantial relationship' between the business transaction and the claim asserted."  *Al Rushaid v. Pictet & Cie*, 68 N.E.3d 1, 11 (N.Y. 2016) (quotation marks, ellipses, and citation omitted).  This inquiry "does not require a causal link between the defendant's New York business activity and a plaintiff's injury."  *Licci*, 732 F.3d at 168.  Instead, there must be "a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former,

regardless of the ultimate merits of the claim." *Id.* at 168–69 (citation omitted). "The claim need only be in some way arguably connected to the transaction." *Al Rushaid*, 68 N.E.3d at 11 (quotation marks and citation omitted).

Plaintiff's claims do not appear to arise out of defendants' Amazon sales. At bottom, plaintiff alleges it was injured by a scheme whereby defendants, located either in Florida or Japan, sent fraudulent DMCA takedown notices to an out-of-state third-party, Amazon, about plaintiff's business activities. Defendants' own "sales in New York have nothing to do with these claims." *Real Selling Grp. LLC v. ESN Grp., Inc.*, No. 20-CV-1468 (NRB), 2021 WL 535748, at *6 (S.D.N.Y. Feb. 12, 2021). District courts in this Circuit have routinely found N.Y. C.P.L.R. § 302(a)(1) inapplicable on similar facts. *See Real Selling Grp. LLC*, 2021 WL 535748, at *6; *Mondellbahn Ott Hobbies, Inc. v. Velcro USA, Inc.*, No. 20-CV-3526 (LLS), 2021 WL 2012950, at *2 (S.D.N.Y. May 20, 2021); *Common Cents Distributors, LLC v. CURLS Beauty Brands, LLC*, No. 20-CV-10369 (CM), 2021 WL 4226182, at *3–4 (S.D.N.Y. Sept. 15, 2021); *Exec. Park Partners LLC v. Benicci Inc.*, No. 22-CV-2560 (PMH), 2023 WL 3739093, at *6–7 (S.D.N.Y. May 31, 2023); *but see Shear Mobility, LLC v. Stoll*, No. 18-CV-163 (LJV) (JJM), 2018 WL 7624885, at *3 (W.D.N.Y. Oct. 10, 2018), *report and recommendation adopted*, 2019 WL 1207577 (W.D.N.Y. Mar. 14, 2019).

Plaintiff's second proposed jurisdiction-conferring contact is an email sent by defendant Rodriguez to plaintiff's managing member Joshua Farkas on October 22, 2024. This email states that defendant Rodriguez "hold[s] a copyright certificate that protects [defendant's] works, which is duly registered and valid under intellectual property laws" and that he intends to file suit to defend the copyright if he does not receive a settlement proposal within 48 hours. *See* Decl. of Joshua Farkas, Ex. G (Dkt. #13-7) (emphasis omitted). The email also states that the planned

lawsuit will "ensure that [plaintiff's] product remains inactive during the holiday season," which will "negatively impact the value of [plaintiff's] business, [plaintiff's] dominant position on Amazon, and result in long and costly legal proceedings." *Ibid.* (emphases omitted). To forestall these consequences, defendant's email suggests that the parties settle. *Ibid.* The day after receiving this email, plaintiff filed this suit. *See* Compl.

An email to a New York recipient stating defendant's intent to protect his copyright through litigation and demanding a settlement to forestall litigation—though perhaps a hardball tactic—does not constitute "transacting business" within the meaning of N.Y. C.P.L.R. § 302(a)(1). The Second Circuit has held that the sending of a cease-and-desist letter by an out-of-state defendant to a New York plaintiff which "alleg[ed] [trademark] infringement in an unspecified locale and threaten[ed] litigation in an unspecified forum" did not constitute "transaction of business" under N.Y. C.P.L.R. § 302(a)(1). *Beacon Enters., Inc.*, 715 F.2d at 766; *cf. Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006) ("[A] patent owner may, without more, send cease and desist letters to a suspected infringer, or its customers, without being subjected to personal jurisdiction in the suspected infringer's home state."). Likewise, district courts "in the Second Circuit have consistently held that sending a cease and desist letter, without more, is insufficient activity to invoke jurisdiction under section 302(a)(1)." *Kiss Nail Prods., Inc. v. One Two Cosmetics, LLC*, No. 19-CV-536 (MKB), 2020 WL 2924614, at *5 (E.D.N.Y. Mar. 5, 2020) (citing cases).

Instead, to establish specific jurisdiction under Section 302(a)(1), defendant's "activity in New York [must] reach[] beyond merely sending a 'cease and desist' letter to [plaintiff] and attempting to settle alleged legal claims." *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1109 (2d Cir. 1997). Courts have found this standard satisfied where, defendant's communications

"reached beyond merely sending a 'cease and desist letter' . . . and attempting to settle alleged legal claims," such as by soliciting investments. *PDK Labs, Inc.*, 103 F.3d at 1109 (finding N.Y. C.P.L.R. § 302(a)(1) satisfied where defendant contacting New York company, purportedly to negotiate a settlement of legal claims, described his business as "seeking investments" and requested that the New York company contact him to "explore the investment mode(s) more fully"). No such allegations are present here.[2]

Plaintiff has not met its preliminary injunction burden to establish "at least a reasonable probability of ultimate success," *Weitzman*, 897 F.2d at 659, in showing specific jurisdiction under N.Y. C.P.L.R. § 302(a)(1).

## III.    N.Y. C.P.L.R. § 302(a)(3)

Plaintiff has also failed to establish "at least a reasonable probability of ultimate success," *Weitzman*, 897 F.2d at 659, in invoking the provisions of New York law dealing with tort jurisdiction over non-domiciliaries.

Under N.Y. C.P.L.R. § 302(a)(3), a court may exercise specific jurisdiction over a non-domiciliary who

> commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

---

[2] Plaintiff's preliminary injunction briefing also references other emails sent by defendant Rodriguez to plaintiff, *see* Pl.'s Mot. for Prelim. Inj. 5; Pl.'s Reply in Supp. of TRO & Prelim. Inj. 8 (Dkt. #22); Decl. of Michael Steinmetz ¶ 25, but these are either not described in detail or post-date the filing of the complaint. In particular, plaintiff attempts to rely on a November 22, 2024 email sent by defendant Rodriguez to plaintiff in which Rodriguez asks plaintiff to purchase his copyright and outlines the benefits such a transaction would yield to plaintiff's business. *See* Decl. of Michael Steinmetz, Ex. 8 (Dkt. #12-8). This email postdates the filing of plaintiff's complaint by a full month, meaning it is not relevant to the specific jurisdiction inquiry. *See Fab Habitat Corp.*, 2023 WL 6385977, at *7. What's more, this particular email was solicited by plaintiff—it was sent in response to an email from Joshua Farkas asking Rodriguez to propose terms for a potential settlement of this suit. *See* Decl. of Michael Steinmetz, Ex. 8.

Plaintiff's briefing focuses on the October 22, 2024 email sent by defendant Rodriguez to Joshua Farkas discussed *supra* pages 9–11, in which Rodriguez threatens a copyright infringement suit against plaintiff and contends that if he files suit, plaintiff's products will be unavailable on Amazon during the holiday season.  *See* Pl.'s Mot. for Prelim. Inj. 4.  Plaintiff, however, never explains how this email caused plaintiff any of his complained-of injuries—principally, lost sales. Nor does the Court see an obvious connection.

The only other out-of-state, potentially tortious acts plaintiff's papers identify are the complaints submitted by defendants to Amazon that resulted in Amazon delisting plaintiff's products.  Certainly, these complaints caused plaintiff injury.  But it is unlikely that they "caus[ed] injury to person or property in" New York, within the meaning of Section 302(a)(3).  "[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury."  *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 791 (2d Cir. 1999) (quotation marks and citation omitted).  "The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff."  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001) (brackets and citation omitted); *see also Bank Brussels Lambert*, 171 F.3d at 791 ("This 'original event' is, however, generally distinguished not only from the initial tort but from the final economic injury and the felt consequences of the tort.").  This "'original event' occurs 'where the first effect of the tort . . . that ultimately produced the final economic injury' is located."  *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84–85 (2d Cir. 2001) (quoting *Bank Brussels Lambert*, 171 F.3d at 792). "The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs

in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." *Whitaker*, 261 F.3d at 209 (citation omitted).

Here, there are several candidates for the location of the "first effect" of defendants' alleged tortious interference with its relationship with Amazon: where defendants sent the copyright complaints, where Amazon received them, and where Amazon removed plaintiff's product listings. *Cf. Common Cents Distributors, LLC*, 2021 WL 4226182, at *5 ("The 'first effect' of Defendant's tortious activity was the removal of [plaintiff's products] . . . by Amazon."). None of those events occurred in New York. Nor has plaintiff alleged a loss of New York customers or other New York business as a result of the allegedly tortious actions. *See Darby Trading Inc. v. Shell Int'l Trading & Shipping Co.*, 568 F. Supp. 2d 329, 336 (S.D.N.Y. 2008) ("While . . . lost sales or customers can satisfy the 'injury within New York' requirement under Section 302(a)(3)(ii), those lost sales must be in the New York market, and those lost customers must be New York customers."). Though plaintiff alleges that it is a New York business and that it suffered economic losses in New York as a result of its delisting, that is not a sufficient basis for personal jurisdiction under N.Y. C.P.L.R. § 302(a)(3). *Whitaker*, 261 F.3d at 209.

In any event, plaintiffs' attempts to lay jurisdiction under Sections 302(a)(3)(i) and 302(a)(3)(ii) each fail for additional reasons. Under Section 302(a)(3)(i), plaintiff has not established that defendants "regularly do[] or solicit[] business, or engage[] in any other persistent course of conduct, or derive[] substantial revenue from goods used or consumed or services rendered" in New York. As previously explained, *supra* pages 7–8, plaintiff has failed to identify any sale by defendants to New York other than a sale to plaintiff's counsel post-dating the filing of the complaint. Accordingly, plaintiff has not sufficiently alleged that defendants "regularly" do

13

business or "derive[] substantial revenue" from their sales in New York.  N.Y. C.P.L.R. § 302(a)(3)(i).

And plaintiff has also failed to establish at least a reasonable probability of ultimate success on Section 302(a)(3)(ii)'s requirement that defendants "expect[ed] or should reasonably [have] expect[ed]" their tortious conduct to have had consequences in New York.  Plaintiff has not set forth any evidence that defendants knew or should have known where plaintiff was incorporated or where it did business when they sent the Amazon takedown notices.  Plaintiff's sole allegation to this point is the conclusory claim that "Defendants at all material times were and are aware that Plaintiff is located in and doing business in New York and in this District."  Compl. ¶ 12; *cf. In re Citigroup ERISA Litig.*, 662 F.3d 128, 141 (2d Cir. 2011) (concluding, in an ERISA case, that plaintiff's "bald assertion, without any supporting allegations, that the [defendants] knew or should have known" inadequate to satisfy plausibility pleading standard), *abrogated on other grounds*, *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014).  Contrast that barebones allegation with, *Gizmocup LLC v. Medline Indus. Inc.*, No. 21-CV-213, 2023 WL 3687716 (D. Vt. May 26, 2023), cited by plaintiff.  There, the defendant, a medical supply manufacturer, sent Amazon a takedown notice for plaintiffs' Amazon storefront, alleging that plaintiffs were selling counterfeited versions of defendants' products. *Id.* at *1–3.  The court, conducting a constitutional due process analysis, concluded that plaintiffs had plausibly pleaded that defendant knew that these takedown notices targeted a Vermont business because defendant itself had shipped the very products it had told Amazon were counterfeit directly to plaintiffs in Vermont.  *See id.* at *8; *see also Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1076 (10th Cir. 2008) (at the motion-to-dismiss stage, crediting over defendants' denials plaintiffs' allegations that defendants knew that plaintiffs were located in Colorado because that information was prominently listed on

plaintiffs' eBay page, which defendants admitted they had visited).  Further, plaintiff never alleges, or provides any evidence, that defendants "derive[] substantial revenue from interstate or international commerce."  N.Y. C.P.L.R. § 302(a)(3)(ii).

Plaintiff has not met its preliminary injunction burden to establish "at least a reasonable probability of ultimate success," *Weitzman*, 897 F.2d at 659, in showing specific jurisdiction under N.Y. C.P.L.R. § 302(a)(3).

*    *    *

Plaintiff has not demonstrated that defendants are subject to personal jurisdiction under any of N.Y. C.P.L.R. §§ 301, 302(a)(1), 302(a)(3)(i), or 302(a)(3)(ii).  Accordingly, because plaintiffs have not established that jurisdiction is appropriate under New York state law, the Court need not proceed to the constitutional due process analysis.

**CONCLUSION**

For the foregoing reasons, plaintiff's renewed motion for a temporary restraining order and motion for a preliminary injunction are denied.  While plaintiff's failure to establish at least a reasonable probability of ultimate success in establishing jurisdiction over defendants, as part of its preliminary injunction request, does not necessarily entitle defendants to dismissal of plaintiff's suit at this time, plaintiff may wish to consider dismissing this case and refiling it in a jurisdiction that bears a closer connection to the events giving rise to this suit.

SO ORDERED.

 /s/  Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: December 14, 2024
Brooklyn, New York

15