**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

TWIN BEAUTY LLC a/k/a KOOL KRAFTS LLC

Plaintiff,

v.

NR INTERACTIVE LLC, and NIR RODRIGUEZ,

Defendants.

Civil Action No. 24 - cv - 7412

**FILED**
**02/13/2025 03:17 PM**
**in the Clerk's Office**
**U.S. District Court,**
**EDNY, Brooklyn**
**Pro Se Office via**
**Electronic Portal**

**MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT………………………………………………………………..1

STATEMENT OF FACTS ……………………………………………………………… 2

ARGUMENT ……………………………………………………………………………. 2

I. DEFENDANT IS NOT SUBJECT TO ANY JURISDICTION OF THIS COURT.......... 2

A. This Court does not have Subject Matter Jurisdiction Over the Claims Through Federal Question, Diversity, and Supplemental Jurisdiction.…………... 2

B. This Court does not have Personal Jurisdiction over the Defendant. ……………. 3

II. PLAINTIFF HAS FAILED TO PLAUSIBLY PLEAD ANY CLAIMS AGAINST THE DEFENDANT DESPITE GRANTED LEAVE TO DO SO……………………….. 3

A. Plaintiff has and Continues to Improperly Plead for Declaratory Judgment of Non-Infringement.………………………………………….……... 3
C. Plaintiff Has and Still Fails to Plausibly Plead Fraud on The Copyright Office…. 3
D. Plaintiff Has and Still Fails to Plausibly Plead DMCA Violation…………………4
E. Plaintiff Has and Still Fails to Plausibly Plead Tortious Interference……………..4
F. Plaintiff Has and Still Fails to Plausibly Plead New York Unfair Competition…..5
G. Plaintiff Has and Still Fails to Plausibly Plead Defamation……………………….5
H. Plaintiff Has and Still Fails to Plausibly Plead Copy Right Infringement…………5

III. PLAINTIFF HAS FAILED TO RESPOND TO THE DEFENDANT'S ALLEGATIONS AND THERFORE ARE DEEMED ADMITTED ……………………. 6

CONCLUSION …………………………………………………………………………….. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Hardiman v. McKeen,
768 F.3d 247, 253 (2d Cir. 2014) ........................................................................ 3

Malibu Media, LLC v. Ricupero,
705 F. (6th Cir. 2017)........................................................................................... 3

MedImmune, Inc. v. Genentech, Inc.,
549 U.S. 118 (2007)............................................................................................. 3

Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC
586 U.S., 139 S. Ct. 881 (2019)........................................................................... 5,6

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes & FRCP**

FRCP 55………..…..……………………………….................................................... 1,4,5,6

15 U.S. Code § 45.……………………………..…………............................................. 5

17 U.S.C. § 411(a)……..………………………………................................................ 6

FRCP 8(b)………….…………………………………............................................... 7

Defendant Nir Rodriguez ("Defendant") respectfully submits this memorandum of law in response to the Plaintiff Twin Beauty LLC a/k/a Kool Krafts LLC's ("Plaintiff") opposition to the Defendant's Motion to Dismiss Plaintiff's Amended Complaint and in further support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 33).

**PRELIMINARY STATEMENT**

The Opposition of the Plaintiff (Dkt. No. 37) ("Opposition") has rendered all of their claim's moot in the default of Defendant, NR Interactive. As shown below, the Plaintiff's claims, by their own admission, cannot become plausible without discovery from the defaulted Defendant, NR Interactive; whom is no longer obligated to respond to any inquiries by the Plaintiff, pursuant to FRCP 55.

Beyond such obvious defects, to which the Plaintiff cannot procedurally cure, the Court does not possess personal jurisdiction over the Defendant and; therefore, cannot possess subject matter jurisdiction over the Defendant. The Plaintiff has amended their complaint as to secure default against the Defendant, NR Interactive [though has failed to cure the simplest defect of what the Plaintiff states is a "simple spacing error" shows the Plaintiff's lack of diligence in any of their pleadings and arguments] but continues such litigation for no other purpose than harassment of the non-defaulted Defendant. The Plaintiff by their own failure to respond to the legal separation of the Defendants and context within, has admitted that the Defendant is not subject to any of the Plaintiff's alleged claims. Therefore, Plaintiff continues to file frivolous pleadings in knowledge that no relief can be granted from the remaining Defendant. However, chooses to do so for no other purpose than harassment. Therefore, the Plaintiff's Amended Complaint should be dismissed against Defendant Nir Rodriguez with prejudice.

## STATEMENT OF FACTS

Defendant relies on the facts set forth in the Defendant's Motion to Dismiss Plaintiff's Amended Complaint, and the Declaration of Nir Rodriguez.

## ARGUMENT

### I. DEFENDANT IS NOT SUBJECT TO ANY JURISDICTION OF THIS COURT

Defendant incorporates and references to the Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt No. 35) "*Section I*", and would incorporate the below arguments as additions in response to the Plaintiff's frivolous jurisdictional arguments.

#### A. This Court does not have Subject Matter Jurisdiction Over the Claims Through Federal Question, Diversity, and Supplemental Jurisdiction.

Plaintiff fabricates an argument that does not exist within the context that they are speculating within their argument. Defendant within their Motion never alludes to the issue of potential subject matter jurisdiction. As it has already been well established that the Court does not have personal jurisdiction over the Defendant. Plaintiff attempts to further fabricate personal jurisdiction through minimum contacts, by indicating communication and stream of commerce, in purchasing the Defendant's product off of Amazon and continually harassing the Defendant with a bombardment of phone calls and other communication from the owner of the Twin Beauty LLC, Joshua Farkas. However, such applicability, if any merits such, would only apply to Defendant NR Interactive. The law is well settled that the Court needs to possess subject matter jurisdiction and personal jurisdiction over all parties to a cause, in absence of such said cause should be dismissed.

Plaintiff further fabricates arguments within their Opposition "*Section II - A*", attempting yet again to skew their "facts" within their favor as to the relief sought of Declaratory Judgement and Copyright Infringement.

**B. This Court does not have Personal Jurisdiction over the Defendant.**

Plaintiff has not established any form of personal liability or allegations to the Defendant. Thus, any business or minimal contacts that Plaintiff alleges occurred was done so by Defendant, NR, Interactive. Therefore, personal jurisdiction is not applicable to the Defendant by this Court as they did not perform the alleged actions that makes the Plaintiff believe this Court should have personal jurisdiction over the Defendant.

**II. PLAINTIFF HAS FAILED TO PLAUSIBLY PLEAD ANY CLAIMS AGAINST THE DEFENDANT DESPITE GRANTED LEAVE TO DO SO**

Defendant hereby incorporates and references to all prior arguments in the Defendant's Motion, specifically in regard to "*Sections II, III, IV, VI, VII, VIII*" and is such would specify and incorporate the below blatant defects of the Plaintiff's response.

**A. Plaintiff has and Continues to Improperly Plead for Declaratory Judgment of Non-Infringement.**

Plaintiff seeks to confuse the Court, within this section by avoiding the procedural deficiencies, and trying to forcibly establish discovery as a necessity, when present facts do not indicate any plausibility that the Plaintiff would be successful in such relief. *Hardiman v. McKeen*, No. 19-12949, 2020 WL 1821025, at *4 (E.D. Mich. Apr. 10, 2020) (citing *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402 405-06 (6th Cir. 2017)). Further, by their own frivolous pleadings Plaintiff has admitted to not possessing a valid copyright until December 2024, and to the similarities of the Defendant's work and the Plaintiff's work, thus making them infringer and not entitled to any relief to said claim. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007).

**B. Plaintiff Has and Still Fails to Plausibly Plead Fraud on The Copyright Office.**

Defendant NR Interactive was the owner and registrant at the time of the Plaintiff's frivolous fraud claim; and as such, Plaintiff possesses no legally sufficient procedure to prove this

claim, as the Defendant who has knowledge of such alleged documentation or knowledge of said plausible fraud, has been defaulted and is no longer obligated to respond to any discovery or inquiries from the Plaintiff pursuant to FRCP 55. Thereof, Plaintiff's frivolous claim against the Defendant was not only never applicable to them but can now never be disproven by the Defendant NR Interactive due to Plaintiff's action of default against them. Therefore, Plaintiff improperly pled fraud on the Office of the Copyright, against the Defendant. In furtherance, Plaintiff fails to state claim on which relief can be granted.

**C. Plaintiff Has and Still Fails to Plausibly Plead DMCA Violation.**

The Defendant who the Plaintiff alleges committed a DMCA violation, at the time of the occurrence has been defaulted. Thereof, Defendant NR Interactive cannot disprove the Plaintiff's frivolous claim of DMCA violation, pursuant to FRCP 55. Defendant NR Interactive was the copyright holder at the time of the Plaintiff's infringement, Defendant NR Interactive notified Amazon of the Plaintiff's infringement, in doing so, provided Amazon with their copyright certificate as evidence of such. Plaintiff's alleged frivolous claims of DMCA violation have never been applicable to the Defendant; therefore, the Plaintiff has improperly pled DMCA violation against the Defendant. Therefore, Plaintiff fails to state claim on which relief can be granted.

**D. Plaintiff Has and Still Fails to Plausibly Plead Tortious Interference.**

At the time of Plaintiff's alleged frivolous claims of tortious interference against the Defendant, would have only been applicable to the Defendant who has been defaulted, NR Interactive. As such Plaintiff has closed out any opportunity to serve discovery, which they profuse that they so desperately need, in order to "prove" their claims. Therefore, Plaintiff has already been granted relief in which they seek from the default Defendant, NR Interactive. Thus, Plaintiff's remedy is rendered moot, as such relief has already been granted, is only applicable to NR

Interactive, can only be disproven or provide any form of plausibility by NR Interactive; whom is no longer obligated to respond to said potential inquiries pursuant to FRCP 55. Therefore, Plaintiff fails to state claim on which relief can be granted.

**E. Plaintiff Has and Still Fails to Plausibly Plead New York Unfair Competition.**

At the time of the Plaintiff's alleged violation of New York Unfair Competition, Defendant NR Interactive could only be the supposed violator of said provision. Defendant NR Interactive LLC has been defaulted; therefore, Plaintiff has procured the remedy from the defaulted Defendant, but still alleges said frivolous claim against the Defendant. Plaintiff cannot procedurally prove said claim against the Defendant without discovery from the defaulted Defendant NR Interactive, whom is no longer obligated to respond pursuant to FRCP 55. Further, such inquiries would be futile and meritless against the Defendant, as they are not a business in relation to such a violation pursuant to 15 U.S. Code § 45. Therefore, Plaintiff fails to state claim on which relief can be granted.

**F. Plaintiff Has and Still Fails to Plausibly Plead Defamation.**

At the time of the Plaintiff's alleged defamation claim, the actions prescribed within the Plaintiff's argument, would only apply to Defendant NR Interactive. As previously stated the Plaintiff's ability to prove these claims against either Defendant are not moot do the Plaintiff's Default of Defendant NR Interactive.

**G. Plaintiff Has and Still Fails to Plausibly Plead Copy Right Infringement.**

The plaintiff's original complaint was initiated on October 23, 2024, whereas the plaintiff's copyright registration certificate was not issued until December 24, 2024, two months later. In *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC,* 586 U.S., 139 S. Ct. 881 (2019), the court unequivocally held that the absence of a valid copyright registration certificate at the time of

filing a copyright infringement action constitutes a fatal procedural defect. Under 17 U.S.C. § 411(a), a plaintiff is required to possess a valid certificate at the time the complaint is filed.

Although a valid registration certificate does confer the right to obtain relief—including damages for infringement occurring both before and after registration—this benefit applies solely to the calculation of relief and does not cure the procedural defect that arises from filing the lawsuit without the requisite certificate in hand. Plaintiff's reliance on the potential to recover pre-registration infringement damages is a misapplication of *Fourth Estate*. That case does not sanction the filing of a copyright infringement action absent a valid certificate at the outset. Even if the certificate is acquired later and introduced via an amended complaint, such an amendment does not remedy the original defect. Consequently, the failure to have the certificate at the time of filing renders the entire claim procedurally invalid.

Moreover, the plaintiff's strategy appears to be a dilatory tactic aimed at preserving an otherwise invalid claim, anticipating future sanctions or relief despite this fatal procedural flaw. This error alone invalidates the entire case, including any attempt to secure a default judgment against the corporate defendant. For these reasons, the court should find that the absence of a valid copyright registration certificate at the time of filing constitutes a fatal defect that cannot be remedied by any subsequent actions.

Plaintiff cannot prove this claim nor any of their claims without discovery from Defendant NR Interactive, whom is no longer obligated to respond pursuant to FRCP 55. Therefore, all Plaintiff's claims fails to state any claim that can be proven or even become plausible, beyond mere conclusory statements of the Plaintiff, to which no relief may ever be granted.

## III. PLAINTIFF HAS FAILED TO RESPOND TO THE DEFENDANT'S ALLEGATIONS AND THERFORE ARE DEEMED ADMITTED

Plaintiff wholly, did not respond to the allegations outlined in the Defendant's Motion

"*Section VII*". Pursuant to FRCP 8(b), the Defendant respectfully requests that all claims of the Defendant outlined in this section be considered admitted by the Plaintiff. Specifically, that the Defendant has no liability to the Plaintiff, nor any of the Plaintiff's claims have any application to the Defendant. Defendant respectfully requests that the Court, take these admissions by the Plaintiff into further consideration in regard to sanctions, and the admittance of frivolous pleadings by the Plaintiff, in non-response of this section.

## CONCLUSION

For these reasons, Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice.

Respectfully submitted,

Dated: February 14, 2025

By: ***/s/ Nir Rodriguez***

Nir Rodriguez
2719 Hollywood Blvd,
Hollywood, Florida 33020
Telephone: (305) 515-5514
Email: nir@interworldcorporation.com
***Pro Se For Defendant***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

TWIN BEAUTY LLC a/k/a KOOL KRAFTS LLC

Plaintiff,

v.

NR INTERACTIVE LLC, and NIR RODRIGUEZ,

Civil Action No. 24 - cv - 7412

**DECLARATION OF NIR RODRIGUEZ IN SUPPORT OF NIR RODRIGUEZ'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

I, Nir Rodriguez, under penalty of perjury pursuant to 28 U.S.C. § 1746, declare to the best of my available knowledge as follows:

1. I am a pro se Defendant, in the above-captioned matter. I submit this declaration on behalf of Defendant's response plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint. I have personal knowledge of the matters herein and if called and sworn as a witness, I could and would testify competently to the facts set forth in this declaration.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: February 14, 2025
Tokyo, Japan

***/s/ Nir Rodriguez***
Nir Rodriguez