**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

TWIN BEAUTY LLC a/k/a KOOL KRAFTS LLC

Plaintiff,

v.

NR INTERACTIVE LLC, and NIR RODRIGUEZ,

Civil Action No. 24 - cv - 7412

**SUBMISSION ARGUMENT REQUESTED**

FILED
2.21.2025
in the Clerk's Office
U.S. District Court,
EDNY, Brooklyn
Pro Se Office via
Electronic Submissions

### NOTICE OF DEFENDANT NIR RODRIGUEZ'S MOTION FOR SANCTIONS

PLEASE TAKE NOTICE that as soon as it may be heard, in the courtroom of the Honorable Rachel P. Kovner, at the United States Courthouse for the Eastern District of New York, located at 225 Cadman Plaza East Brooklyn, New York 11201, with submission argument to be held on a date and time to be designated by the Court, Defendant Nir Rodriguez ("Defendant") will and hereby does move this Court for an order granting sanctions against the Plaintiff and their counsel of record, individually and severally for frivolous pleadings and vexatious litigation under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

Defendants' motion is based on this Notice of Motion; Defendant's Memorandum in Support of its Motion for Sanctions; the accompanying Declaration of Nir Rodriguez in Support of Defendant's Motion for Sanctions; any arguments of counsel; and any other such materials properly considered by the Court at any hearing on this motion.

Date of Service: February 21, 2025

Respectfully submitted:

By: */s/ Nir Rodriguez*

Nir Rodriguez
2719 Hollywood Blvd,
Hollywood, Florida 33020
Telephone: (305) 515-5514
Email: nir@interworldcorporation.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2025, the foregoing document was filed with the Clerk of the Court and served via CM/ECF in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

**Michael Steinmetz**
Garson, Ségal, Steinmetz Fladgate LLP
164 West 25th Street, 11th Floor
New York, NY 10001
Tel: (212) 380-3623
Email: ms@gs2law.com

Dated: February 21, 2025

By: */s/ Nir Rodriguez*

Nir Rodriguez
2719 Hollywood Blvd,
Hollywood, Florida 33020
Telephone: (305) 515-5514
Email: nir@interworldcorporation.com
*Pro Se For Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWIN BEAUTY LLC a/k/a KOOL KRAFTS LLC | Civil Action No. 24 - cv - 7412 |
| Plaintiff, | |
| v. | |
| NR INTERACTIVE LLC, and NIR RODRIGUEZ, | |
| Defendants. | |

## DEFENDANT NIR RODRIGUEZ'S MOTION FOR SANCTIONS AND MEMORANDUM OF LAW IN SUPPORT

**TABLE OF CONTENTS**

Page(s)

I.     INTRODUCTION…………….……………………………………………..1

II.    MOTION FOR SANCTIONS …………………………………...………………… 1

III.   ARGUMENT …………………………………….…………………………... 1

IV.    CONCLUSION …………………………………………………………………….. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Bergeron v. Nw. Publications Inc.,
165 F.R.D. 518, 523 (D. Minn. 1996)…................................................................ 2

Glucksberg v. Polan,
(S.D.W. Va. June 12, 2003), aff'd, 107 F. App'x 363 (4th Cir. 2004).................. 2

St. Paul Reins. Co. v. Comm. Fin. Corp.,
198 F.R.D. 508, 518 (N.D. Iowa 2000)................................................................. 3

DeLuca v. Seare
515 B.R. 599, 621 (B.A.P. 9th Cir. 2014)............................................................. 3

Salmon v. CRST Expedited, Inc.,
(N.D. Okla. July 19, 2016)..................................................................................... 3

Salmon v. Nutra Pharma Corp.,
687 F. App'x 713 (10th Cir. 2017)......................................................................... 3

Chambers v. NASCO, Inc.,
501 U.S. 32, 50 (1991)........................................................................................... 3

Stevenson v. Union Pac. R.R. Co.,
354 F.3d 739, 745 (8th Cir. 2004).......................................................................... 3

Adams v. USAA Cas. Ins. Co.,
863 F.3d 1069, 1077 (8th Cir. 2017)...................................................................... 3

Clark v. United Parcel Serv., Inc.,
460 F.3d 1004, 1009, 1011 (8th Cir. 2006)……….................................................. 3

Callahan v. Schoppe,
864 F.2d 44, 46-47 (5th Cir. 1989)......................................................................... 5

Temple v. WISAP USA,
152 F.R.D. 591 (D. Neb. 1993) .............................................................................. 5

McManus v. District of Columbia,
530 F. Supp. 2d 46, 83–84 (D.D.C. 2007) ............................................................ 5

Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC,
    586 U.S., 139 S. Ct. 881 (2019)................................................................................. 6

Indus. Tech. Ventures LP v. Pleasant T. Rowland Revocable Trust,
    W.D.N.Y. Mar. 8, 2012……………………………............................................. 6

Chicago Midwest Donut, Inc.,
    82 B.R. 943, 950 (Bankr. N.D. Ill. 1988)................................................................. 7

Frazier v. Cast,
    771 F.2d 259, 263–65 (7th Cir. 1985)...................................................................... 7

Burden-Meeks v. Welch,
    319 F.3d 897 (7th Cir. 2003).................................................................................... 7

O'Rourke v. City of Norman,
    640 F. Supp. 1451, 1469–70 (W.D. Okla. 1986)..................................................... 7

Coburn Optical Indus., Inc. v. Cilco, Inc.,
    610 F. Supp. 656, 659 (M.D.N.C. 1985)................................................................. 7

Van Berkel v. Fox Farm Rd. Mach.,
    581 F. Supp. 1248, 1249–50 (D. Minn. 1984)......................................................... 7

Indus. Tech. Ventures LP v. Pleasant T. Rowland Revocable Trust,
    (W.D.N.Y. Mar. 8, 2012).......................................................................................... 7

Mayle v. Equifax Info. Servs., Inc.,
    (N.D. Ill. Mar. 1, 2006)............................................................................................ 7

Mayle v. Equifax Info. Servs., Inc.,
    (N.D. Ill. Mar. 1, 2006)............................................................................................ 7

Lockary v. Kayfetz,
    974 F.2d 1166, 1175 (9th Cir. 1992)....................................................................... 8

Homecare CRM, LLC v. Adam Grp. Inc. of Middle Tenn.,
    952 F. Supp. 2d 1373, 1385 (N.D. Ga. 2013).......................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes & FRCP**

FED. R. CIV. P. 11(c)…………………………….................................................... 1,2,8

28 U.S.C. § 1927………………………………….............................................. 1,8

FED. R. CIV. P. 11……………………………….................................................. 1

FED. R. CIV. P. 11(b)……………………………..…........................................... 1,4

FED. R. CIV. P. 11(c)(1)…………………………................................................ 2

FED. R. CIV. P. 11(c)(4)…………………………................................................ 2

28 U.S.C. § 1367(a)…………………………....................................................... 4,5

17 U.S. § 411……….....…………………………................................................ 6

FED. R. CIV. P. 8(b)………….…………………................................................. 6

## I.      <u>INTRODUCTION</u>

Plaintiff, Twin Beauty LLC a/k/a Kool Krafts, LLC ("Plaintiff") has filed a sensational, but unsubstantiated suit including inflammatory allegations of fraudulent conduct against the Copyright Office by Nir Rodriguez and NR Interactive LLC (Defendant(s)"), accusing them of participating in a fraud, unfair trade practices, tortious interference, violation of DMCA, defamation. The allegations, while provocative, have no basis in law or fact.

There is no evidence to support the central allegations of the claims asserted. This suit is nothing more than an intimidation tactic by the Plaintiff to stop the relief of the lawful DMCA that the Defendant filed against the Plaintiff's work. The Plaintiff has brought this suit before the Court for no other purpose than intimidation and harassment of the Defendant. The Plaintiff's claims are both frivolous and implausible on their own merits. Defendant; therefore, respectfully requests that the Court sanction Plaintiff and their counsel pursuant to Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, or the inherent powers of this Court.

## II.     **MOTION FOR SANCTIONS**

The Defendant is entitled to sanctions pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 because there is no basis in law or fact for the claims asserted, the claims are not presented for a proper purpose, proper venue, are not warranted by existing law, and are without evidentiary support.

## III.    **ARGUMENT**

Under either Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or the inherent powers of this Court, sanctions are warranted against Plaintiff and their counsel based on their intentional and reckless disregard of the duties they owe this Court, namely, their failure to perform, under Rule 11(b), a reasonable inquiry into Defendants status, residency, or legal sufficiency of the Plaintiff's claims before filing the Complaint and, once on notice as to Defendants residency status,

there in moving forward with claims against Defendant regardless. Federal Rule of Civil Procedure 11(b) provides, in relevant part, that—

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

If "the court determines that Rule 11(b) has been violated, [it] may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Any sanction imposed "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation," so long as the sanction is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Under Rule 11, non-monetary sanctions may include an order requiring the sanctioned attorney to: successfully complete an accredited course on civil procedure at a local law school, *Bergeron v. Nw. Publications Inc.*, 165 F.R.D. 518, 523 (D. Minn. 1996); write an article related to the sanctionable conduct, *Glucksberg v. Polan*, No. CIV.A. 3:99-0129, 2003 WL 24221184, at *11 (S.D.W. Va. June 12, 2003), aff'd, 107 F. App'x 363 (4th Cir. 2004); *St. Paul Reins. Co. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 518 (N.D. Iowa 2000); show the sanctions order to all new

clients for a period of two years, *DeLuca v. Seare* (In re Seare), 515 B.R. 599, 621 (B.A.P. 9th Cir. 2014); or speak to students at a local law school "about the dangers of filing a lawsuit as a licensed legal intern," *Salmon v. CRST Expedited, Inc.*, No. 14-CV-0265, 2016 WL 3945362, at *4 (N.D. Okla. July 19, 2016), aff'd sub nom. *Salmon v. Nutra Pharma Corp.*, 687 F. App'x 713 (10th Cir. 2017). Additionally, 28 U.S.C. § 1927 provides that—

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

Finally, the Supreme Court has made clear that Rule 11 and § 1927 do not displace the inherent power of federal courts to impose sanctions for misconduct. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) ("neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules"); see generally id. at 43-51; *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004) (bad faith not required for exercise of inherent sanction power); *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1077 (8th Cir. 2017) ("court's inherent power 'reaches both conduct before the court and that beyond the court's confines'" (quoting Chambers, 501 U.S. at 44)).

In the Eighth Circuit, the standard under either Rule 11 or § 1927 "is whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1009, 1011 (8th Cir. 2006) (internal quotation marks omitted). Plaintiff and their attorneys' conduct satisfy this standard for three independent reasons.

First, Plaintiff alleged that Defendant committed fraud on the Copyright Office, without the proper evidentiary support or a reasonably inquiry. Their lack of a good faith basis for this allegation is evidenced by their subsequent, contradictory assertion Defendant is not entitled to

protect their work, but more over their recently acquired copyright (in December 2024), supersedes the Defendant's copyright that was acquired in September 2023. Their failure, to possess a valid copyright, but assert they are entitled to relief under copyright violation, fails to marshal any evidence to such relief. Had Plaintiff conducted a reasonable inquiry into Defendant's legal copyright prior to bringing suit, they would have ascertained that neither of their contradictory characterizations is correct.

Second, Plaintiff was on notice of the erroneous nature of their factual allegation regarding Defendant, and the related need to investigate Defendant's residency to be sued, when they filed their motion for leave, but nevertheless failed to provide adequate and new or additional information for the Defendant's place of residence. Specifically, two months before Plaintiff filed their motion for leave, Defendant alerted Plaintiff to their deficient attempt to sue the Defendant, within the Defendant's Motion to Dismiss. In this motion, Defendant explained that they were not a "resident of the United States, but a resident of Japan," and lacks proper jurisdiction to be sued. Defendant explicitly cited 28 U.S. Code § 1367(a), Defendant drew Plaintiff's counsel's attention to the Defendant's Japanese Visa.

On notice of the need to investigate and address Defendant's residency to be sued, Plaintiff filed their Motion two months later but refuted the visa and proceeded with their own conclusory claims to establish a need for leave. Plaintiff went as far as to fabricate the argument that since they could purchase the Defendant's work off of Amazon.com, then that gave the legal sufficient basis for the Court to have proper jurisdiction over the Defendant. Plaintiff neglected to discuss the details of proper jurisdiction or that the Court had previously suggested for the Plaintiff to file in a new venue. Additionally, despite this knowledge, each of which supports the argument that the Court does not have proper jurisdiction over the Defendant to be sued under 28 U.S. Code § 1367(a), and that this deficiency cannot be corrected by the current venue, Plaintiff made no

attempt at a legally sufficient resolution, but instead cycled previously produced documents as "new evidence". Plaintiff has not offered any lawful basis for their jurisdictional claim, because there is none.

Plaintiff and their counsel were in control of what they chose to file in support of their motion, and the evidence they elected to introduce demonstrates that Defendant is "not a resident of the United States" at all, but rather a "resident of Japan". Thus, even if Plaintiff had wanted to assert that Defendant has proper residency to be sued—an assertion contained nowhere in Plaintiff's motion— they would have faced a compelling argument to the contrary based on the evidence they marshalled and introduced as their best factual support.

Plaintiff's continued adherence to a factual allegation put forward without a good faith basis, and their failure to investigate or address Defendant's residency to be sued anywhere in their motion, despite being on notice of the need to do so, run afoul of Rule 11(b)'s requirements. See, e.g., *Callahan v. Schoppe*, 864 F.2d 44, 46-47 (5th Cir. 1989) (sanctions were properly imposed for failure to make reasonable inquiry); *Temple v. WISAP USA*, 152 F.R.D. 591 (D. Neb. 1993) (imposing sanctions of $15,000, admonishment and reprimand for attorney's failure to make profiling investigation regarding defendant's status and ignoring evidence that he had incorrectly sued based on available evidence); *McManus v. District of Columbia*, 530 F. Supp. 2d 46, 83–84 (D.D.C. 2007) (sanctioning counsel, on notice that he had never properly served the defendant, for filing return of service anyway).

Sanctions are warranted for a third, more fundamental reason: even if Plaintiff had investigated and addressed Defendant's residency to be sued, which they did not, any contention that Plaintiff might advance that Defendant's has proper residency to be sued is belied by their own evidence. Plaintiff was and is not a valid copyright holder at the commencement of their suit. The law is well settled that a Plaintiff who does not possess copyright and or has not registered for

a copyright of the material at the time of their commencement of the original complaint of the lawsuit, cannot bring an action for copyright infringement. See *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S., 139 S. Ct. 881 (2019). Further, such deficiencies cannot be cured by an amended complaint 17 U.S. Code § 411.

Plaintiff registered their copyright under the name of Twin Beauty LLC. No such business can be found on the New York Secretary of State's website. Defendant has been unable to find any registration for such an LLC containing the name "Twin Beauty". Thus, Defendant upon current belief can only assume that Twin Beauty LLC does not exist as a valid legal entity within the state of New York. Therefore, the copyright registered to them is fraudulent, as the business does not exist on public record. Further, Kool Krafts LLC cannot obtain relief based on a copyright that they have never possessed, and Twin Beauty LLC possesses fraudulent copyright registration. Ultimately indicating that the Plaintiff has no lawful standing in this Count or any of their claims as the LLC either does not exist or is barred from their claims due to lack legal capacity. See, e.g., *Indus. Tech. Ventures LP v. Pleasant T. Rowland Revocable Trust*, No. 08-CV-6227, 2012 WL 777313, at *7 (W.D.N.Y. Mar. 8, 2012).

Further, Plaintiff wholly, did not respond to the allegations outlined in the Defendant's Motion "*Section VII*" within their Opposition to the Defendant's Motion to Dismiss the Plaintiff's Amended Complaint. Pursuant to FRCP 8(b), all claims of the Defendant outlined in this section are considered admitted by the Plaintiff. Specifically, that the Defendant has no liability to the Plaintiff, nor any of the Plaintiff's claims have any application to the Defendant. Defendant respectfully requests that the Court, take these admissions by the Plaintiff into further consideration in regard to sanctions, and the admittance of frivolous pleadings by the Plaintiff, in non-response of this section.

Under these circumstances, Plaintiff and their counsel's disregard for their duties to the

Court is patent, and sanctions are warranted. "A pleading is not well grounded in fact if it is contradicted by uncontroverted evidence that was or should have been known to the attorney or the party signing the filing." In re *Chicago Midwest Donut, Inc.*, 82 B.R. 943, 950 (Bankr. N.D. Ill. 1988) (citing *Frazier v. Cast*, 771 F.2d 259, 263–65 (7th Cir. 1985), abrogated on other grounds by *Burden-Meeks v. Welch*, 319 F.3d 897 (7th Cir. 2003); *O'Rourke v. City of Norman*, 640 F. Supp. 1451, 1469–70 (W.D. Okla. 1986); *Coburn Optical Indus., Inc. v. Cilco, Inc.*, 610 F. Supp. 656, 659 (M.D.N.C. 1985); *Van Berkel v. Fox Farm Rd. Mach.*, 581 F. Supp. 1248, 1249–50 (D. Minn. 1984)). Here, evidence that the Court has never possessed proper jurisdiction over the Defendant and that the Plaintiff lacks capacity to sue based on lack of any lawful standing as known to the attorney signing the motion and the parties whose names were on it because Plaintiff and their counsel introduced that evidence themselves. Courts have not hesitated to impose sanctions when an argument is contradicted by the evidence, see, e.g., *Indus. Tech. Ventures LP v. Pleasant T. Rowland Revocable Trust*, No. 08-CV-6227, 2012 WL 777313, at *7 (W.D.N.Y. Mar. 8, 2012), vacated on voluntary stipulation of dismissal by the parties (awarding plaintiff's counsel costs and attorneys' fees incurred by plaintiff in defending against a motion that "[wa]s without support and ha[d] been contradicted by evidentiary proof"); *Mayle v. Equifax Info. Servs., Inc.*, No. 03-CV-8746, 2006 WL 8424343, at *6 (N.D. Ill. Mar. 1, 2006) (plaintiff sanctioned for filing Fair Credit Reporting Act claim despite receiving evidence that loan had been dispersed to her and that she owed money on it), and the justification for sanctions is a fortiori stronger when the contradictory evidence comes from the party being sanctioned. See, e.g., *Lockary v. Kayfetz*, 974 F.2d 1166, 1175 (9th Cir. 1992) (affirming district court's order sanctioning plaintiffs' counsel for bringing "factually frivolous" antitrust claims and observing that the district court "pointed to the absence of evidence supporting the plaintiffs' theory . . . and to [counsel's] contradictory statements regarding the defendants' actions"); *Homecare CRM, LLC v. Adam Grp. Inc. of Middle*

*Tenn.*, 952 F. Supp. 2d 1373, 1385 (N.D. Ga. 2013) ("The evidence shows that Homecare's actions were at the very least negligent, as it appears to have ignored evidence in its possession that directly contradicts the factual allegations made in support of its trade-secrets claim. . . . [Counsel's] review of the evidence should have shown them that Homecare's own documents rendered its trade-secrets claim objectively frivolous, and that prior counsel and Homecare should have known this when the action was filed. Thus, Homecare and its new counsel should have dismissed this claim, but they did not.").

## IV.    CONCLUSION

Under either Federal Rule of Civil Procedure 11(c), 28 U.S.C. § 1927, or the inherent powers of this Court, sanctions are warranted based on Plaintiff and their counsel's intentional and reckless disregard of their duties to this Court. Plaintiff had the obligation to undertake a reasonable inquiry into Defendant's residency status to be sued before filing the Complaint, thus ensuring their factual allegations had evidentiary support. Plaintiff and their counsel utterly failed to comply with this obligation. At least two months before they filed their motion, Plaintiff was on notice that, at the very least, there was an issue regarding Defendant's residency status to be sued, yet they nonetheless chose to file a motion and supporting papers devoid of the provided proof produced by the Defendant. Under these circumstances, the Court should not tolerate Plaintiff and their counsel's failure to abide by even the most basic obligations imposed by Rule 11. The Defendant; therefore, respectfully requests that the Court sanction Plaintiff and their counsel and order—

1.    Plaintiff and their counsel to pay, jointly and severally, the cost and fees that the Defendant has incurred preparing and filing their Motion to Dismiss the Plaintiff's Amended Complaint and this sanctions motion, along with all other prior frivolous pleadings and bad faith actions;

2.    Granting of the reasonable costs incurred by the Defendant in fighting the Plaintiff's frivolous pleadings, totaling $11,849.88, in addition to punitive damages

or other such relief that the Court deems appropriate in deterring such future behavior;

3.      The Court maintain jurisdiction over the current cause of this action initiated by the Plaintiff, as to allow the Defendant the opportunity to initiate a Counterclaim, in compliance with FRCP 13 and FRCP 41; and

4.      Plaintiff and their counsel jointly and severally admit to wrongdoing and frivolous litigation, or alternatively a punishment that the Court establishes would deter such behavior in the future.

Respectfully submitted,

Dated: February 21, 2025                       By: */s/ Nir Rodriguez*_____

Nir Rodriguez
2719 Hollywood Blvd,
Hollywood, Florida 33020
Telephone: (305) 515-5514
Email: nir@interworldcorporation.com
*Pro Se For Defendant*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

TWIN BEAUTY LLC a/k/a KOOL KRAFTS LLC

Plaintiff,

v.

NR INTERACTIVE LLC, and NIR RODRIGUEZ,

Civil Action No. 24 - cv - 7412

**DECLARATION OF NIR RODRIGUEZ IN SUPPORT OF DEFENDANT**
**NIR RODRIGUEZ'S MOTION FOR SANCTIONS**

I, Nir Rodriguez, under penalty of perjury pursuant to 28 U.S.C. § 1746, declare to the best of my available knowledge as follows:

1.      I am a pro se Defendant, in the above-captioned matter.  I submit this declaration on behalf of Defendant's Motion For Sanctions And Memorandum Of Law In Support. I have personal knowledge of the matters herein and if called and sworn as a witness, I could and would testify competently to the facts set forth in this declaration.

2. Set forth is a true and copy of the invoice for contracted drafting services for the entire cause brought by the Plaintiff in total amount of $11,400.00, attached hereto as Exhibit A.

3. Set forth a true and correct copy of the costs incurred for the Defendant's Pacer account in the amount of $165.60 attached as Exhibit B.

4. Set forth a true and correct copy of the Defendant's mailbox subscription to stay compliant with the Plaintiff's mailing of pleadings, in the total amount of $284.28, attached as Exhibit C.

5. Set forth a true and correct copy of the Defendant's request for the Plaintiff's counsel to remove their frivolous pleadings on or before February 20, 2025, attached as Exhibit D.

6. I certify that correspondence of the request to remove frivolous pleadings was sent in compliance with FRCP 11 to the Plaintiff's counsel.

7. I certify that the total amount of sanctions as granted within the monetary limits in the minimum amount of $11,849.88, as such cost are reasonable and are direct costs to the Defendant as a result of the Plaintiff and the Plaintiff's counsel's frivolous pleadings within this cause.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: February 21, 2025                                 */s/ Nir Rodriguez*
Tokyo, Japan                                                   Nir Rodriguez

# EXHIBIT A

# upwork

**From:** **Upwork Global Inc.**
**475 Brannan St. Suite 430**
**San Francisco, CA 94107**
**USA**

**Bill to:** **Nir Rodriguez**
**2719 Hollywood Blvd,**
**Hollywood, Florida 3320**
**USA**

## INVOICE

| | |
|---|---|
| INVOICE # | T754411227 |
| DATE | **Feb 21, 2025** |
| TOTAL AMOUNT | $11,400.00 |
| **TOTAL DUE** | $11,400.00 |

PARALEGAL SUPPORT SERVICES PROVIDED FOR THE PERIOD NOVEMBER 8, 2024 – FEBRUARY 21, 2025, INCLUDING DOCUMENT PREPARATION, LEGAL RESEARCH, AND PROCEDURAL ASSISTANCE, PERFORMED UNDER THE DIRECTION OF A PRO SE LITIGANT.

| DATE | CONTRACTOR | DESCRIPTION | HOURS/RATE | AMOUNT |
|---|---|---|---|---|
| 11/2/24 | HE | File review and motion drafting | 11.04/ $150 | $1,656.00 |
| 12/2/24 | HE | Drafting and research – Opposition to Motion | 13.52/ $ 150 | $1,998.00 |
| 12/9/24 | HE | Memorandum in further support drafting | 7.53/ $150 | $1,129.50 |
| 12/26/24 | HE | Draft Letter | 1.24 / $75 | $93.00 |
| 1/7/25 | HE | Draft Motion | 8.84 / $150 | $1,326.00 |
| 1/725 | HE | Draft response- Opposition to Motion | 10.53 / $ 150 | $1,579.50 |
| 1/19/25 | HE | File review – motion drafting and research | 9.04 / $150 | $1,356.00 |
| 2/8/25 | HE | Memorandum in further support | 7.06 / $150 | $1,059.00 |
| 2/10/25 | HE | Draft Letter | 1.30 / $75 | $97.50 |
| 2/21/25 | HE | Draft motion- research – compliance | 7.37 / $150 | $1,105.50 |

**TOTAL AMOUNT DUE**            **$11,400.00**

**Due upon receipt**

# EXHIBIT B

**i** **PACER Maintenance, 02/09/2025**

PACER systems will undergo maintenance on Sunday, February 9, 2025 , from 6:55 a.m. to 7:00 p.m. ET. As a result, certain portions of this site may be temporarily degraded during the maintenance window.

An official website of the United States government. Here's how you know. ⌄

Log in to PACER Systems →





# Manage My Account

Nir Rodriguez ⌄

| | |
|---|---|
| **Account Number** | 8187350 |
| **Username** | mksa2111 |
| **Account Balance** | $0.00 |
| **Case Search Status** | Active |
| **Account Type** | Upgraded PACER Account |

## Make One-Time PACER Fee Payment

### Payment Successful.

### Payment Receipt

| | |
|---|---|
| **Fee Type** | PACER Case Search |
| **Tracking Id** | I:8187350.250208enaj |
| **Payment Amount** | $165.60 |
| **Transaction Date** | 02/08/2025 |
| **Approval Code** | 03279Z |

Done

---

PACER FAQ

Privacy & Security

Contact Us



This site is maintained by the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary.

**PACER Service Center**
(800) 676-6856
pacer@psc.uscourts.gov

# EXHIBIT C

**HDG** Hammer Development Group, LLC

We will be conducting scheduled site & app maintenance on Sunday, February 9th from approximately 3-6am EST . This site will be unavailable during that time. We apologize for the inconvenience.   ✕

YOUR MAILBOX

Nir Rodriguez
2719 Hollywood Blvd
#5198
Hollywood, FL 33020
United States

**ADD NEW MAILBOX**

- ✉ Inbox (0)
- ⚙ Mailbox Settings
- 📄 Activity Reports
- 📋 Business Compliance `ACT NOW`
  Complete Required Forms
- 📝 Notarize Documents
- 🖨 Create & Send Mail
  Letters & Postcards
- ❓ Support Center ▼

Services and Prices

iPostal1 Perks

Go to iStopmail

## 📄 Transactions

| | All Transactions ▼ | | Settled Transactions | Authorizations Only | | Dates | 2024/10/23 | → | 2025/02/08 | | ⬇ Download |

| Date �१↓ | Order # ↑↓ | Mailbox Address | Mailbox | Service | Charge | Change to balance or bundles | Mail Id | Status | Actions |
|---|---|---|---|---|---|---|---|---|---|
| 08-Feb-2025 11:50 am | 27240691 | 2719 Hollywood Blvd Suite 5198 | 5198 | Green Plan 30 (Premium) | $32.09 | | | PAID | View Detail |
| 16-Jan-2025 03:46 pm | 26718197 | 2719 Hollywood Blvd Suite 5198 | 5198 | Scan Page(s) | $2.25 | | M24403 | PAID | View Detail |
| 15-Jan-2025 02:01 pm | 26697304 | 2719 Hollywood Blvd Suite 5198 | 5198 | Scan Page(s) | $2.25 | | M24376 | PAID | View Detail |
| 10-Jan-2025 08:23 am | 26572633 | 2719 Hollywood Blvd Suite 5198 | 5198 | Business Green Plan 30 Renewal (Prestige) | $48.14 | | | PAID | View Detail |
| 06-Jan-2025 04:36 pm | 26502659 | All | | Send Outbound Mail - Letter | $14.60 | | | PAID | View Detail |
| 02-Jan-2025 02:28 pm | 26405781 | All | | Send Outbound Mail - Letter | $13.82 | | | PAID | View Detail |
| 02-Jan-2025 02:27 pm | 26405772 | 2719 Hollywood Blvd Suite 5198 | 5198 | Shred Page(s) | $3.25 | | M24004 | PAID | View Detail |
| 02-Jan-2025 02:27 pm | 26405764 | 2719 Hollywood Blvd Suite 5198 | 5198 | Shred Page(s) | $2.25 | | M24039 | PAID | View Detail |
| 02-Jan-2025 02:26 pm | 26405758 | 2719 Hollywood Blvd Suite 5198 | 5198 | Shred Page(s) | $2.25 | | M24088 | PAID | View Detail |
| 02-Jan-2025 02:25 pm | 26405751 | 2719 Hollywood Blvd Suite 5198 | 5198 | Shred Page(s) | $2.25 | | M24185 | PAID | View Detail |
| 02-Jan-2025 02:23 pm | 26405723 | 2719 Hollywood Blvd Suite 5198 | 5198 | Shred Page(s) | $9.25 | | M23809 | PAID | View Detail |
| 02-Jan-2025 01:57 pm | 26405527 | All | | Send Outbound Mail - Letter | $14.60 | | | PAID | View Detail |

| ORDERS | TOTAL THIS PAGE | GRAND TOTAL |
|---|---|---|
| 32 | $147.00 | $284.28 |

# EXHIBIT D

✦ Summarise this email

**Nir Rodriguez** <nir@interworldcorporation.com>
to Michael ▾

Thu 30 Jan, 22:15 (9 days ago)  ☆  ↩  ⋮

Dear **Mr. Steinmetz**,

Pursuant to **Rule 11(c)(2) of the Federal Rules of Civil Procedure**, this email serves as formal notice of my intent to file a **Motion for Sanctions** against **Plaintiff Twin Beauty LLC, also known as Kool Kraft LLC**.

On **January 7, 2025**, I filed a **Motion for Sanctions**, which the Court denied on **January 13, 2025**, citing that I had not provided the required **21-day notice** under Rule 11. To ensure full compliance with the procedural requirements, I am now formally providing this notice.

The basis for this notice is that **Plaintiff has initiated litigation without a valid legal or factual foundation**, including:

- **Making unsubstantiated allegations of fraud**, which lack evidentiary support.
- **Asserting a copyright claim that is invalid**, as Plaintiff's copyright was registered **2 months after** the lawsuit was filed, undermining its legitimacy.
- **Engaging in litigation for improper purposes**, including harassment and intimidation following my lawful **DMCA takedown request**.

**Corrective Actions Required**

To comply with Rule 11 and avoid the need for sanctions, **Plaintiff must take the following actions within 21 days from today (January 30, 2025):**

1. **Withdraw the Complaint in its entirety**, as it lacks a legal and factual basis.
2. **Formally acknowledge that I, Nir Rodriguez, am the rightful owner of the copyright at issue.**

If Plaintiff does not take these corrective actions by **February 20, 2025**, I will proceed with filing the **Motion for Sanctions** before the Court.

Please confirm whether your client intends to comply with these corrective measures.

Sincerely,
**Nir Rodriguez**

 Reply   Forward